HOWE & CO. ET AL. V. JONES, DEFENDANT, AND BINFORD ET AL., INTERVENORS.

1. **Practice:** TRIAL OF EQUITY CAUSE: EVIDENCE IN WRITING: TRIAL DE NOVO. Where a cause is tried as an equitable action, no order by the court that it be tried on written evidence is necessary. (McClain's St., § 2742.) All that is required in that respect for a trial *de novo* in this court is that the evidence be in fact taken down in writing and certified by the judge; and what was done in this case (see opinion) was equivalent to that.

2. **Practice in Supreme Court:** AMENDING ABSTRACT AS TO EVIDENCE: EFFECT OF. Where appellant files what purports to be an abstract of all the evidence in an equitable action, and the appellee files an amendment correcting appellant's abstract, he may, by denying that both abstracts contain all the evidence, avoid the presumption to that effect which would otherwise obtain. In such case, unless a full transcript of the evidence is filed, this court cannot determine whether or not all the evidence is before it, and cannot proceed to a trial *de novo*, but can only review the cause on such errors as are assigned.

3. **Practice:** EXCHANGE OF JUDGES: CERTIFYING EVIDENCE. Where judges exchange and hold each other's courts, (Code § 175,) each judge may, though in vacation, certify the evidence in cases tried before him.

4. **Receiver:** OF PROPERTY BELONGING TO THIRD PARTY: RECOVERY OF PROCEEDS: RECEIVER'S FEES AND EXPENSES. Where a receiver was appointed to take charge of certain property, but in an action of intervention by third parties it was found that the property belonged to them, and they were in no way benefitted by the appointment or action of the receiver, *held* that it was error to allow the receiver to retain a portion of the proceeds of the property in payment for his services and expenses. In such case he must look for his compensation to the party who secured his appointment.

5. ———: ———: LIABILITIES OF PARTIES FOR PROCEEDS. In such case, where, under the orders of the court, the receiver had in good faith paid over to the parties at whose instance he was appointed a portion of the proceeds of the property, those parties were liable to the intervenors for the moneys so received by them, and the receiver should have been

ordered to pay all moneys remaining in his hands to the clerk of the court for the use of the intervenors.

*Appeal from Marshall District Court.*

FRIDAY, APRIL 24.

THIS is an appeal by the intervenors from an order of the district court, approving the final report of a receiver appointed in the main case, and allowing his account.

*Caswell & Meeker,* for appellants.

*H. E. J. Boardman,* for receiver.

REED, J.—The plaintiffs each recovered a judgment against Binford Bros. in the district court of Marshall county. Executions were issued on each of these judgments, and H. E. J. Boardman was garnished thereon. He answered that he had in his possession certain notes and mortgages belonging to Binford Bros. Plaintiffs then instituted this proceeding, making E. R. Jones, the clerk of the district court, defendant. They alleged in their petition that, in a certain cause between Binford Bros. and Boardman, the garnishee, in which the ownership of said notes and mortgages referred to was in controversy, the clerk was ordered to deliver the same to Binford Bros., and that this would be done unless prevented by the order of the court; and that the Binfords were insolvent, and that some of said notes were worthless, and others were likely to become uncollectible, and others were about to be barred by the statute of limitations, and they prayed that a receiver be appointed to take charge of said notes and collect the same. The petition was presented to the judge of the district court in vacation, and he thereupon made an order appointing Boardman receiver of said property, and directing him to take charge of said notes and mortgages, and collect the same. At a subsequent term of the court the intervenors filed their petitions

in intervention, alleging that they were the owners of said notes and mortgages by virtue of certain assignments from Binford Bros. They also filed a motion for the removal of the receiver.

The cause has twice before been in this court. On the first appeal it was determined by this court that the intervenors had established their right to the property in controversy, and that the appointment of the receiver was without authority; and it was ordered that a *procedendo* issue, directing the district court to enter a decree establishing the rights of the intervenors in the property, setting aside the order appointing the receiver, and directing him to pay over to the clerk of that court all moneys and property which he had received by virtue of the appointment, and that the same be delivered to the intervenors. See *Howe v. Jones*, 57 Iowa, 130. The receiver was not a party to this appeal, and when the cause was remanded he filed a petition setting up the fact of his appointment, and that he had in good faith discharged the duties of receiver thereunder, and that he had, before the appeal was taken, in obedience to the order appealed from, paid over to the plaintiffs the amount of their judgments. The plaintiffs also filed a supplemental petition, in which they allege the same facts, and also that the receiver had expended a large amount in services and money in performing the duties of the appointment; and they asked that he be reimbursed therefor out of the funds in his hands, and that judgment be entered against them for the amounts which they had actually received from the receiver. The district court struck these petitions from the files, and entered a decree as directed by the *procedendo*. The receiver appealed from this order, and on that appeal it was held by this court that, if the payments by the receiver to the plaintiffs were made in good faith, he could not be required to repay the money so paid, and that he was entitled to show the circumstances under which the payments were made. See *Howe v. Jones*, 60 Iowa, 70.

When the cause was remanded after this decision, the receiver filed an amendment to his final report, in which he showed that he had collected the sum of $1,060.76, and that he had paid · plaintiffs, Geo. M. Howe & Co., $714.34, and Green & Co. $148.11, and he claimed $345.06 on account of costs paid out by him and for services as receiver, and attorney's fees in making these collections and in prosecuting his appeal to this court. The order appealed from approves this report, and allows the receiver credit for each item for which credit is claimed in the report. It also gave the intervenors judgment against Howe & Co. and Green & Co. for the amounts paid to them as shown by the report. It also taxes the costs of the trial to the intervenors.

I. The oral testimony offered by the parties on the trial was taken down at the time in short-hand by the reporter, and his short-hand notes were filed with the clerk at the close of the trial. Certain documentary evidence was also offered, and the separate documents offered were marked by the reporter. Some months after the trial the reporter extended his short-hand notes, and the judge who tried the case indorsed thereon his certificate that it contained all the oral evidence offered or introduced on the trial; also that the documents identified by the reporter contained all the documentary evidence offered or introduced by the parties. The intervenors filed what they claim is a full abstract of all the evidence in the case. They have also filed the extension of the oral evidence made by the reporter and certified by the judge; but they have not filed the transcript of the documentary evidence. The appellee filed an amended abstract, making numerous corrections in appellant's abstract, and in which he denies that all the evidence was contained in the two abstracts. Appellants then filed an admission of the greater part of the amendments made by appellee, and a denial of the others. Appellee filed a motion to strike out of appellant's abstract what purports to be the evidence in the case, for the reason that the evidence was not taken in

writing, nor ordered so taken, nor was it preserved by bill of exceptions, and no transcript had been filed. This motion is overruled. The cause was tried as an equitable action, and no order by the court that it be tried on written

1. PRACTICE: trial of equity cause: evidence in writing: trial de novo.

evidence is required by the statute now in force. See section 2742, McClain's Statutes.. All that is required is that the evidence be in fact taken down in writing and certified by the judge, and what was done in this case is the equivalent of that. See *Ross v. Loomis*, 64 Iowa, 432.

The oral evidence is properly before us, and in the certificate of the judge we have the evidence required by the

2. PRACTICE in supreme court: amending abstract as to evidence: effect of.

statute that the record contains all the oral evidence introduced on the trial. But we can try the case *de novo* only in case we have before us all the evidence of every character which was introduced in the court below, (*Krapfel v. Pfiffner*, 24 Iowa, 176; *State v. Orwig*, 27 Id., 528;) and in the absence of a transcript of the documentary evidence, we are unable to determine whether all the evidence is contained in the two abstracts or not. Appellants contend, however, that, as the receiver has filed an amended abstract embodying portions of the evidence omitted by them from their abstract, and otherwise correcting it, he is now estopped to deny that the two abstracts contain all the evidence; and the case of *Cross v. Burlington & S. W. R'y Co.*, 58 Iowa, 62, and other cases decided by this court, are cited as supporting this position. In the cases cited, however, it was not denied in the amended abstracts that the record as amended contained all the evidence, but the question was sought to be raised by counsel in argument. But in this case the denial that the record contains all of the evidence is made in the amended abstract, and, when the question is thus made, we are compelled to resort to the transcript in determining it. Appellants have filed an assignment of errors, and in the state of

the record we can consider only such questions as are raised by this assignment.

II. The cause was tried before Hon. C. F. Couch, district judge of the Ninth district, who exchanged with the judge of the Eleventh district, and was holding the court in Marshall county at the time, and he certified the evidence. Appellee contends that, as the certificate was not signed until after the close of the term, and after Judge Couch had left the district, he had no authority to sign it. It is provided by section 175 of the Code that the judges of different districts may interchange and hold each other's courts, and we are of opinion that when they do interchange each judge is authorized to give a certificate in any case tried before him. And it is expressly provided in section 2742 that the certificate may be made in vacation. Under these provisions we think there is no doubt of the authority of Judge Couch to certify the evidence at the time the certificate was signed.

**3. PRACTICE: exchange of judges : certifying evidence.**

III. Under the order appealed from, the receiver is authorized to retain an amount of the money collected by him sufficient to compensate him for his services as receiver, and to reimburse him for the costs and expenses incurred by him while discharging the duties of receiver under the appointment. This provision of the order works a great injustice, and is manifestly wrong. It compels the intervenors to pay the cost and expense occasioned by the attempt of the plaintiffs to have their property applied to the satisfaction of the debts of Binford Bros. The receiver was appointed on plaintiffs' application, and was ordered to take charge of the property on their representation that it belonged to Binford Bros., and was subject to be appropriated to the satisfaction of their judgments against that firm. But it has been determined in the course of the proceeding that it did not belong to them, but that the intervenors were the owners of it, and were entitled to the possession of it, and that no portion of it

**4. RECEIVER: of property belonging to third party: recovery of proceeds : receiver's fees and expenses.**

could be appropriated to the payment of plaintiffs' judgment. The possession of the property by the receiver was from the beginning a violation of their rights, and every step which has been taken, and every act which has been done, by the receiver with reference to the property, has been done and taken against their protest, and has tended to defeat their rights; and we know of no principle upon which they ought now to be compelled to pay or to contribute in the smallest degree to the payment of the costs incurred in this attempt to deprive them of their property.

The receiver is entitled, perhaps, to be compensated for his services, and to be reimbursed for his expenses, but for this he must look to the party at whose instance he was appointed. It was said by this court in the last appeal, it is true, that if the disbursements, costs and attorney's fees were made in good faith, were necessary, and were beneficial to the parties ultimately entitled to the fund, there was no reason why they should not be paid from the fund. This would undoubtedly be the true rule if the party entitled to the fund was a party to the proceedings in which the receiver was appointed. But the intervenors were in no proper sense parties to the receivership. The proceeding was instituted for the purpose of appropriating the property of Binford Bros. to the payment of the judgments which plaintiffs had recovered against them. No interest of the intervenors was sought to be subserved by it, nor was it instituted for the establishment of a right as against them. They became parties to it for the purpose of asserting their ownership of the property in the hands of the receiver; and, when their right to it was established, it ceased to be a fund in the hands of the receiver. It was then determined that it was not subject to be appropriated to the object to which it was sought by the proceedings to appropriate it, and their right to it, as against the receiver and all the parties to the proceeding, was fully established. Nothing has been done by the receiver for their benefit, and it is not clear by any means that they will receive any advan-

tage from what he has done, and we think it clear that they ought not to be charged with the costs or expenses attending the proceedings.

IV. The district court must have found that the payments made by the receiver to the plaintiffs were made in good faith, for the question as to whether he should be allowed credit for the amount so paid, depends entirely on whether the payments were so made. It cannot be said that this finding has no support in the evidence. There is certainly some evidence tending to support it. Under the well-settled rule, that a finding of fact by the court, like the verdict of the jury, will be set aside by this court only when it finds no support in the evidence, we cannot disturb this finding. However, under the undisputed facts as to the payment of plaintiff, Howe & Co., we think the receiver is not entitled to credit for the full amount for which he claims credit in his report on account of such payment. The circumstances of the payment are shown by the testimony of the receiver. He testified that he was attorney for Howe & Co., and obtained the judgment in their favor against Binford Bros., and that under his contract he was to receive for his services fifty per cent of whatever amount he should collect on the judgment. In pursuance of this contract he paid them one-half of the amount for which he claims credit, and the remainder was appropriated to the payment of his fees. He testified, however, that when he was appointed receiver he sold and assigned his interest in the judgment to another party, and that the amount which was retained for fees was paid to that party. We think, however, that this makes no difference. The party to whom he assigned his interest in the judgment paid him for that interest, and he retains the money so received. He should be left to settle the question of his compensation with his clients, and he ought not to be permitted to appropriate the money belonging to intervenors to the satisfaction of his claim therefor. We think, therefore, that he should not have

5. ___ : ___ : **liabilities of parties for proceeds.**

been allowed credit on his report for any sum, except the amount actually paid Howe & Co., which was $357.17, and the amount paid Green & Co., and that he should have been required to pay over to the clerk, for the use of the intervenors, the remainder of the money in his hands. The order and judgment will therefore be reversed, and the cause will be remanded to the district court for further proceedings in that court.

The costs of printing appellees' amended abstract will be taxed to appellants. The other costs in this court will be taxed to the appellee.

                                        REVERSED.