C. C. JOSLYN, Receiver, *vs.* ATHENS COACH & CAR COMPANY and others.

### June 23, 1890.

**Receiver — Discharge—Compensation.**—A receiver cannot be retained merely to enable him to get assets into his hands from which to pay his compensation and charges.

**Same—Discharged without Compensation.**—Where a receiver has no assets in his hands, it is not error to discharge him upon the application of those at whose instance he was appointed, without making payment of his compensation and charges a condition precedent to the discharge.

**Same—Subsequent Order as to Compensation.**—Upon an application by parties interested for such discharge, and one by the receiver for adjustment of his compensation and allowance of his accounts, both heard together, the court may grant the discharge, and determine the matter of the compensation and accounts in a subsequent order.

Appeal by the above-named receiver from an order of the district court for Hennepin county, *Rea*, J., presiding, which is stated in the opinion.

*C. E. Conant* and *C. C. Joslyn*, for appellant.

*Flannery & Cooke,* for respondents.

GILFILLAN, C. J. Upon the petition of certain creditors, Joslyn was appointed receiver of the People's Coach Line, as of an insolvent corporation debtor. The only assets that came into the hands of the receiver amounted, after he converted the chattels into

money, to about $37. There was other personal property of the corporation, amounting in value to about $4,000, upon which the corporation had given a chattel mortgage, and which the mortgagee had taken in an action in replevin, brought, we infer, against the corporation. In this action the receiver intervened, claiming the mortgage to be void as to him. But he did not get possession of the property. Afterwards all the creditors of the corporation applied to the court by petition to have the order appointing the receiver vacated; in other words, to have the proceedings in insolvency discharged. At the same time the receiver applied by petition. His petition states the above facts in respect to the property of the corporation; recites that one of the creditors has offered to pay all fees and charges of the receiver and his attorney, and indemnify all parties against other claims that may hereafter appear against the insolvent corporation, on the sole condition that the court discharge the receiver, the court to allow such fees as seem to it reasonable. The only part of the receiver's petition which indicates relief sought by him is as follows: "That, if such adjustment seems meet to this court, your petitioner is willing to leave the adjustment of his fees and those of his attorney to this court, and prays that his accounts to date may be allowed; and that thereupon the bond heretofore entered into on the 16th day of November, A. D. 1889, by your petitioner, as receiver in said cause, together with C. R. Waterman and J. H. Coolidge, as sureties thereon, may be vacated, and your petitioner finally discharged as such receiver." The two petitions were heard together. The court made two orders,—one, December 4th, discharging the receiver, "without prejudice to the right of said receiver to have an allowance of his fees and expenses as such receiver to date, but the court refuses in this proceeding to order said petitioners to pay said receiver's fees and expenses, either absolutely or as a condition to said receiver's discharge;" and the other, December 10th, which allowed the receiver's accounts, and fixed and allowed his fees and charges, and those of his attorney, and vacated his bond. From the order of December 4th the receiver appeals.

No objection can be made to that order unless the court was bound, upon the petitions before it, to make the payment of the re-

ceiver's charges a condition precedent to his discharge; in other words, unless it was bound to retain the receiver until payment of those charges, and to secure their payment. As a general rule, where a receiver has been regularly appointed, his compensation is a charge upon the funds in his hands. But in this case all the funds that came to his hands were appropriated without satisfying his claim for compensation. So that it is a case where the receiver has no assets in his hands applicable to payment of his charges; for, until and unless he should recover the property or its value involved in the replevin action, that property could not be deemed such. Of course, the receiver could not be retained merely to enable him to reduce such assets to possession for the purpose of paying his charges. That would be continuing the receivership for the benefit of the receiver,—a thing never heard of. It may be that, on an application of the party whose property has been sequestrated (regularly) to be relieved from the receivership, the court may decline to discharge the receiver, except on condition of payment of his charges, until such time as will give him an opportunity to apply the funds or assets in his hands to such payment. That, however, is not this case. The court was not required to make the discharge dependent on the previous payment of the charges, and the order is not erroneous for not doing so. So far as requiring the petitioning creditors to pay such charges, that was a matter which the court might reserve, to be determined after determining the question of the discharge. It might, under the reservation in the order of December 4th, make a direction, if the case were proper for it, by a subsequent order, that the petitioning creditors pay the receiver. The order appealed from is not erroneous for not containing that direction. Had the appeal been from the order of December 10th, the question of the receiver's right, on his petition, to such a direction, would have been presented. But it is not presented by this appeal, because the court was not bound to pass on that right by the order discharging the receiver. Though the petitions were presented and the applications heard at the same time, the court seems to have treated and decided them as separate applications; hence the two orders, which, under the circumstances, might have been united in one. Had they been

so united, the receiver could not have complained, for there would have been granted him all the relief that his petition asks; for it does not ask that payment of his charges be made a condition of the discharge of the receiver, nor that any one be required to pay them, but only that his fees be adjusted, his accounts allowed, his bond vacated, and he finally discharged,—just the relief granted by the two orders.

Order affirmed.