## Patrick H. Heffron v. John J. Knickerbocker et al.

1. RECEIVER—*Sale of Property in His Possession to Satisfy Liens.*— Property in the possession of a receiver may be sold to satisfy subsisting liens, and where so done, it is proper for the court to order the receiver to deliver possession of the property to the purchaser.

2. PARTNERSHIP—*Right of Deceased Partner's Executor to Buy at Foreclosure Sale of Firm Assets.*—The executors of a deceased partner have a legal right to buy in for the use of his estate the property of the firm at a master's sale upon the foreclosure of a mortgage given by the firm in the lifetime of the deceased partner to secure a partnership debt, and having paid for the same out of funds not belonging to the firm, are entitled to the possession of the same.

**Memorandum.**—Appeal from an order of the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding. Submitted at the October term, 1894. Affirmed. Opinion filed January 28, 1895.

OSBORNE BROS. & BURGETT, attorneys for appellant.

JOHN S. COOPER and C. H. REMY, attorneys for appellees; A. M. PENCE, of counsel.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT. This appeal is from an order entered March 28, 1894,

directing the receiver in custody of the personal property embraced in the order to deliver possession thereof to the appellees, who had become purchasers thereof, at a master's sale, under a decree of sale entered April 6, 1891, in the foreclosure suit of Lyman J. Gage v. the appellant, and James J. Gore et al.

The decree provided among other things that "the complainant, or any of the parties in this cause, may become the purchaser or purchasers at such sale."

The appellees are the executors of the defendant, Gore, in the foreclosure suit, and became the purchasers at the master's sale, on March 15, 1894, of all the property so ordered to be sold.

The property was, at the time of its sale, in the possession of a receiver.    The sale was confirmed, the purchase money was paid and the master's certificate of sale was executed and delivered to the purchasers, the appellees, and thereupon the order appealed from was entered.

The appellant has, in his brief, summarized the facts of the case, including reference to other litigation between Heffron and Gore, and his position with reference to the sale and order in question, as follows:

"Gore and Heffron were partners in the hotel business, and, as such partners, owned certain personal property. Under the bill herein filed by Gore against Heffron for dissolution and settlement of the partnership, a receiver was appointed and took possession of such property, which was subject to the lien of a trust deed securing the joint indebtedness of Gore and Heffron.    While the receiver was in possession of such property a suit for the foreclosure of such trust deed was brought and a decree entered for the sale of such joint property to satisfy such joint indebtedness.    Under this decree such joint property of Gore and Heffron was sold for the payment of their joint indebtedness and bought in by Gore's executors, who had been substituted as complainants herein after the death of Gore.

The question is, what was the effect of such purchase?    Did Gore's executors acquire title to the property by such pur-

chase? Appellant's position is that no title passed to Gore's executors by such purchase; that such executors stood in such relation to him, the property, and the indebtedness for which the property was sold, that by their purchase they acquired no title against him; that their purchase is no more than a bare payment, for which they may have credit in the settlement of the partnership affairs, the singular and solemn formality of the master's sale and certificate of purchase, notwithstanding; that the order of March 28, 1894, requiring the receiver herein to turn over the property to Gore's executors as the purchasers at such sale was error, and that the property should continue in the possession of the receiver in order that it may be sold under the decree herein for the settlement of the partnership affairs, and the proceeds of its sale be distributed under such decree as right and justice may require on full settlement of such affairs."

We deem it unnecessary to discuss the question of whether, by the purchase of the property in question, the relations of the appellant and appellees with reference to the property were changed or not. In fact we do not think that the question is presented to us upon a review of the order directing the property to be turned over to the appellees.

The property was in the possession of a receiver, and was properly sold to satisfy the lien of the trust deed covering it. The appellees bought at that sale. It was necessary that the property should be in the possession of some one. The appellees paid for the property not with partnership funds, but with their own, and were manifestly entitled to receive its possession unless for peculiar equities between themselves and Heffron, involved in some other proceedings.

Now, those equities, if any exist, are not prejudiced by the mere possession of the property. If, as contended, because of the equitable relations between Heffron and Gore as partners, the appellees by their purchase acquired no title as against the appellant, but simply have a charge against the partnership for the amount paid at the sale for the benefit of the partnership, that question is not foreclosed by an order directing the possession of the property to be deliv-

ered to them. The effect of such an order might, if the appellant's contention is well grounded, be no more than conferring a lien upon the property in favor of appellees for the amount paid by them in extinction of the mortgage lien, and the delivering of possession to them for the protection of such lien, and we do not regard such questions as being properly involved on this record.

The only question decided being that the order directing a delivery of the property to the appellees was proper, it should be affirmed.