AMERICAN LOAN & TRUST CO. v. SOUTH ATLANTIC & O. R. CO

(Circuit Court, W. D. Virginia. July 22, 1896.)

RECEIVERS—ATTORNEY'S FEES.

Fees earned by attorneys under a contract with a receiver of a state court are not chargeable as a prior lien on the property when in the hands of a receiver appointed by a federal court in an entirely independent suit, and cannot be allowed, even among the claims of general creditors, unless they have been ascertained and allowed by the state court.

Blair & Blair, Geo. H. Towle, and A. H. Blanchard, for claimants. R. A. Ayres and J. B. Richmond, for defendant.

PAUL, District Judge. This cause was referred to a master to take an account of the assets of the defendant corporation, its liabilities, and the claims of creditors, and their priorities. F. S. Blair, George H. Towle, and A. H. Blanchard, attorneys at law, filed claims before the master (Blair and Towle for $5,000 each, and Blanchard for $3,000), claiming the same to be due them as attorney's fees, and that they have priority over the liens of the mortgage bondholders, and asking that they be allowed and taxed as part of the costs in this suit. The master in his report declines to fix the status of these claims, but refers the question to the court. The evidence shows that on the 6th day of August, 1890, these claimants,

as attorneys for Jonas Wilder and others, filed a bill in the circuit court of Washington county, Va., praying the appointment of a receiver of the property now in the hands of this court for administration. That court appointed J. M. Bailey receiver of the property, and Bailey, as such receiver, engaged the services of these three attorneys at an agreed fee of $5,000 each for Blair and Towle, and $3,000 for Blanchard. A long litigation ensued as to the regularity and legality of Bailey's appointment as receiver by the state court, and its history is fully given in the evidence taken for the claimants, and in the briefs of counsel. A particular review of that litigation is not necessary to a proper determination of the question before the court. The record evidence shows that the suit in the state court was, subsequently to the appointment of the present receiver in this court, compromised by the parties thereto, and dismissed. It is not pretended that Bailey was ever a receiver of this court, or acted under its orders. On the contrary, this court decided in Central Trust Co. of New York v. South Atlantic & Ohio R. Co., 57 Fed. 3, that Bailey was the receiver of the state court. All the services rendered by the claimants for which they are demanding in this suit payment were rendered for Bailey as receiver in the state court. Over the proceedings in that court this court has no jurisdiction, and it is at a loss to see on what principle it can undertake to fix the compensation of attorneys for legal services rendered a receiver of that court. It is well settled that a court of equity, in settling the account of a receiver of its own appointment, may make him a reasonable allowance for attorney's fees, where the employment has been previously sanctioned by the court; and where not previously authorized, if such expense has been incurred in the exercise of a sound discretion, the same will be allowed. High, Rec. § 805, S; Stuart v. Boulware, 133 U. S. 78, 10 Sup. Ct. 242; and numerous decisions to the same effect. The court has carefully examined, as far as the same were within its reach, the many decisions referred to by counsel for claimants on this question of the allowance of fees to attorneys for receivers, and taxing the same as part of the costs in the suit. It finds, without exception, that, where attorney's fees have been allowed to a receiver as part of the costs of the suit, they have been for services rendered in that suit on behalf of the receiver appointed in that cause by the court in which the same was pending. Not a case has been cited, nor does the court think a precedent can be found, where a federal court has authorized its receiver to pay out of the funds in his hands, as part of the costs of the suit, counsel fees contracted for by a receiver of a state court. The receiver of the state court, after the suit is ended, could come into this court and demand compensation for his services in a state court, the clerk and other officers of that court demand their fees, and have all made a first lien on the property in the hands of the receiver of this court, with as much right as attaches to these claims for attorney's fees. The elaborate briefs filed by counsel for the claimants deal with the question before the court as if the professional services for which they demand payment had been rendered on behalf of a receiver of this court. The authorities

on which they rely bear on a case of that kind. They have no relevancy to the costs of a suit in another tribunal. The contention that the fees of attorneys for a receiver in a state court, who has no connection with this suit, can be taxed as part of the costs in this suit, and made a first lien on the property in the hands of the receiver, cannot be sustained, and such claims must not only be rejected, as not being part of the costs in the suit in this court, but cannot even be allowed among the claims of general creditors. Before they could be admitted as general debts against the property in the hands of the receiver of this court, they would have to be ascertained and allowed by the state court for whose receiver the professional services were rendered. Inasmuch as this court can only tax as part of the costs in this suit such attorney's fees as are for services which have been rendered to the receiver of this court, it follows that all other attorney's fees reported by the master can only be allowed as general debts against the property in the hands of the receiver of this court, and all such fees will be so allowed. A decree will be prepared in accordance with these views, and confirming the master's report in other respects.