[S. F. No. 2201.    Department One.—September 1, 1900.]

## S. EPHRAIM, Appellant, v. PACIFIC BANK et al., Respondents.

RECEIVER—COMPENSATION FROM FUND—EXCEPTIONS TO RULE—PERSONAL LIABILITY OF PARTIES.—As a general rule, the compensation of a receiver is primarily a charge upon the fund in his possession, and is to be paid out of that fund; but if he has gained the possession of the fund through an irregular, unauthorized appointment, or if the property taken is determined to belong to third parties, and is taken from his possession by paramount authority, or if the fund is from any cause insufficient for his remuneration, he must look for his compensation to the party or parties at whose instance he was appointed, and is entitled to hold them personally liable for the unpaid portion of the amount of compensation fixed by the court.

ID.—RECEIVERSHIP OF PROPERTY SUBJECT TO MORTGAGE—SURPLUS—LOSS OF TITLE—INSUFFICIENCY OF FUND.—A receiver of property subject to a mortgage in favor of one not a party to the action holds it subject to any judgment which may be rendered in an action to foreclose the mortgage; and the right of the receiver attaches only to the surplus, if there be any arising from the sale of the property. If there is no surplus, and the title is lost as the result of the foreclosure, there is a total insufficiency of the fund, which authorizes the receiver to look for his compensation to the parties at whose instance he was appointed.

ID.—ORDER SETTLING RECEIVER'S ACCOUNT—EXPRESSION OF LIABILITY—DISMISSAL BY PLAINTIFFS—ACTION BY RECEIVER.—It is not necessary that the order settling the receiver's account should determine or express what party is personally liable to him for the expenses and compensation allowed therein; and where the property possessed by the receiver was lost as the result of the foreclosure of a mortgage, and the action in which he was appointed was thereafter dismissed by the plaintiffs at whose instance he was appointed, so that no personal judgment could be rendered against them in favor of the receiver, he may, after the settlement of his account, maintain an action against them.

ID.—PLEADING—LIABILITY OF OTHER PARTIES—MATTER OF DEFENSE—JUDGMENT UPON DEMURRER.—If the plaintiffs sued by the receiver would claim that the defendants in the original action were liable to the receiver as well as themselves, it is matter of defense to be pleaded by them. Where a demurrer to the complaint was sustained without any plea of nonjoinder of parties, and final judgment was passed thereupon, the question is not presented.

ID.—ADMISSION—COMPULSORY, SURRENDER OF POSSESSION BY RECEIVER—
RIGHT OF ACTION.—The general demurrer admitted the fact alleged
that the receiver "was obliged to and did turn over the pos-
session of the property to said purchaser" under the foreclos-
ure sale; and it cannot be urged under the complaint that by
surrendering possession instead of retaining it to enforce his
claim the receiver lost his right of action.

ID.—ACTION AGAINST INSOLVENT BANK—JOINDER OF TRUSTEES.—The
trustees and directors of an insolvent bank are properly joined
as parties codefendant with the bank in an action by a re-
ceiver to recover the compensation fixed by the court in a
former action, where the complaint of the receiver alleges that
he was appointed upon the petition of the plaintiffs in the former
action by the insolvent bank and others, and that it was com-
menced by the parties who were settling the affairs of the bank
in liquidation, and that the defendants other than the bank
are the trustees and directors of the corporation defendant, and
as such have the custody and control of its funds and assets.

ID.—CONSTRUCTION OF PLEADING—BANK COMMISSIONERS' ACT—REQUEST
OF TRUSTEES AND DIRECTORS FOR APPOINTMENT.—The complaint of
the receiver is to be construed in the light of the provisions of
the bank commissioners' act, and as averring in effect that he
was appointed at the instance and request of the trustees and
directors codefendants, as well as of the bank defendant.

ID.—PURPOSE OF JOINDER OF TRUSTEES.—Under the facts alleged the
trustees of the insolvent bank were properly joined as trustees,
not only that they may defend the funds of the bank against
any unjust claim, but also that it may be determined whether
the claim of the plaintiff is a preferred claim, and chargeable
against the funds of the bank in their custody.

ID.—STATUTE OF LIMITATIONS—SETTLEMENT OF ACCOUNT—APPEAL.—The
statute of limitations against the action of the receiver to re-
cover his compensation did not begin to run until his account
was settled and allowed; and for the time during which an ap-
peal from the order of allowance was pending, the running of
the statute was suspended.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion of the court.

A. Everett Ball, for Appellant.

E. D. Sawyer, and Roger Johnson, for Respondents.

HARRISON, J.—In an action pending in the superior court
of Madera county, wherein the defendants herein were plain-

tiffs and the Madera Fruit and Land Company et al. were defendants, the plaintiff herein, at the instance of the plaintiffs in that action, was appointed as receiver of certain lands and premises described in the complaint in said action, on February 1, 1894, and thereupon entered upon his duties as such receiver. Prior to the commencement of this action the California Savings and Loan Society had commenced an action to foreclose a mortgage held by it upon the property, and on November 26, 1894, obtained a judgment of foreclosure and sale, under which the property was sold to it January 9, 1895, and there having been no redemption, the property was conveyed to it July 17, 1895, and the possession thereof turned over to it by the receiver. In the discharge of his duties as such receiver the plaintiff expended certain moneys in caring for the property, and afterward presented his account to the court for settlement, and on October 4, 1897, the court made an order settling and allowing the same. Upon an appeal taken from this order it was affirmed in this court May 27, 1899. On March 6, 1895, after the judgment and sale in the foreclosure suit, the plaintiffs in the action in which the plaintiff herein was appointed receiver dismissed the suit.

The Pacific Bank, one of the defendants herein, was by an order of its board of directors declared insolvent June 22, 1892, and on November 3, 1893, in an action brought in the superior court for San Francisco for that purpose, was by said court declared and adjudged to be insolvent, and that its affairs and business should be closed and liquidated. The defendants herein other than the Pacific Bank are the trustees and directors of said corporation, and as such have the custody and control of its funds and assets. August 6, 1898, they had in their possession and under their control enough of said funds and assets to pay the claim of the plaintiff, and on that day were notified by him of his said claim, and that it was a preferred claim, and that they should retain a sufficient amount to pay the same.

To the complaint setting forth the foregoing facts the defendants demurred, and, their demurrer having been sustained, a judgment was entered against the plaintiff, from which he has appealed.

It is urged by the respondents, in support of their demurrer and of the judgment thereon, that inasmuch as the court did not designate the persons by whom the expenses of the receivership should be paid, the only remedy of the receiver was to collect them out of the property of which he was placed in charge, and that, having failed to collect them in this manner, he has no right of action therefor against the parties to the suit. It is unquestionably the general rule that the costs of a receivership are primarily a charge upon the fund in his possession, and are to be paid out of that fund. But it is by no means the rule that a receiver must in all cases look to that fund for his reimbursement, and has no other remedy if for any reason that fund is not available. Mr. Beach says (Beach on Receivers, sec. 773): "But it may sometimes happen that a direct liability is imposed upon the parties to the action, or upon some of them, for the remuneration of the receiver. This may result from the irregularity of the appointment, or from the insufficiency of the fund, or out of the agreement between the parties." And again, in section 774: "The rule that the compensation of a receiver is a charge upon the fund in his hands has been held not to apply without qualification to the case where the appointment was irregularly made and is vacated." If he has taken property into his custody under an irregular, unauthorized appointment, he must look for his compensation to the parties at whose instance he was appointed, and the same rule applies if the property of which he takes possession is determined to belong to persons who are not parties to the action, and is taken from his possession by paramount authority. As to such property his appointment as receiver was unauthorized and conferred upon him no right to charge it with any expenses. (High on Receivers, sec. 796; *Lammon v. Giles*, 3 Wash. Ter. 117; *Joslyn v. Athens etc. Co.,* 43 Minn. 534; *Highley v. Deane*, 168 Ill. 266; *Myres v. Frankenthal*, 55 Ill. App. 390; *Heffron v. Knickerbocker*, 57 Ill. App. 336; *Knickerbocker v. McKindley Coal etc. Co.*, 67 Ill. App. 290; *Howe v. Jones*, 66 Iowa, 156; *Tome v. King*, 64 Md. 166.)

It appears from the complaint herein that at the time of the appointment of the plaintiff as receiver the property of which he was placed in charge was subject to the lien of a prior

mortgage. It does not appear that this mortgagee was a party to the action in which he was appointed receiver, and it does appear that at the time of his appointment an action was pending for the foreclosure of this mortgage. The receiver, therefore, took the property subject to the judgment to be rendered in that action. The mortgagee therein was entitled to the full payment of his judgment out of the proceeds of the sale thereunder, and the right of the receiver attached only to the surplus. If there should be no surplus, there was an "insufficiency of the fund," which authorized him to look to the parties in the action for his remuneration. In *Howe v. Jones, supra,* the receiver was appointed after judgment in aid of its execution, and took into his possession certain notes and mortgages for collection. Thereafter an intervention was filed by certain parties claiming to be the owners of the notes, and their right thereto was established. In the meantime the receiver had collected the notes, and upon the settlement of his account the trial court had authorized him to retain from the amount in his hands the costs and expenses incurred by him while acting as receiver. Upon appeal this order was reversed, the supreme court saying: "The receiver is entitled, perhaps, to be compensated for his services and to be reimbursed for his expenses, but for this he must look to the party at whose instance he was appointed." In *Knickerbocker v. McKindley Coal etc. Co., supra,* a receiver had been appointed in a suit for the dissolution of a partnership, and the property of which he was placed in charge was sold under a decree foreclosing a trust deed that had been executed prior to his appointment, and the property turned over to the purchaser. In affirming an order directing the plaintiff to pay certain expenses that had been incurred by the receiver in discharge of his duties, the court said: "While the estate in the receiver's hands is the primary fund out of which his proper expenses and compensation are to be paid, if the estate be insufficient or fail, the parties for whom he has acted may be compelled to pay the expense incurred for their benefit." In *Tome v. King, supra,* trustees for second mortgage bondholders filed a bill of foreclosure without making the first mortgagees parties, and at their instance a receiver was appointed who took possession of the

property for the second mortgage bondholders. A decree was entered for the sale of the property subject to the first mortgage. The sale under this decree did not realize enough to pay the amount allowed by the court as compensation to the receiver, and the court made an order for the payment of the deficiency by the first mortgage bondholders. This order was reversed upon appeal, upon the ground that the receiver was appointed at the instance of the second mortgage bondholders, and that, as the sale was made exclusively for their benefit, the holders of the first mortgage bonds could not upon any principle of justice or reason be compelled to pay the expenses or the commissions of the receiver, the court saying: "If the fund in court be not sufficient to afford adequate compensation and indemnity to the receivers, the parties at whose instance they were put upon the property should be required to provide the means of payment."

It was not requisite that the court should determine in its order settling the receiver's account who was liable to him for these expenses. (See *Joslyn v. Athens etc. Co., supra.*) The plaintiffs had dismissed the suit, and there was no action pending in which a judgment could be rendered against anyone in favor of the receiver. Upon the appeal from the order settling his account it was held *(Pacific Bank v. Madera Fruit etc. Co.,* 124 Cal. 525) that the dismissal of the action did not discharge him from his position as receiver, or deprive the court of jurisdiction to settle his account. As the action in which he had been appointed had been dismissed, his remedy, after the court had settled his account, was to proceed by action against the parties at whose request he had incurred the expenses. (*Hutchinson v. Hampton,* 1 Mont. 39.) In *Cutter v. Pollock,* 7 N. Dak. 631, after it had been held that the action in which the receiver was appointed could not be maintained, and that his appointment was therefore unauthorized, the court held that the defendant in the action whose property had been taken by the receiver, was entitled to be reimbursed by the plaintiff, at whose instance the appointment had been made, for the costs of the receivership paid by him. If the defendants herein would claim that the liability for these expenses is against the defendants in the original action, as well as themselves, it is a

matter of defense to be pleaded by them. There is no demurrer on the ground of nonjoinder of parties defendant.

The suggestion of the respondents that the receiver was entitled to retain possession of the property as a security for the expenses incurred by him, and that by surrendering it without enforcing his claim he lost his right of action, is sufficiently met by the allegation in the complaint that after the execution of the deed under the foreclosure sale "he was obliged to and did turn over the possession of the property to said purchaser." Upon the demurrer the fact thus alleged is to be considered as admitted.

The plaintiff was authorized to include as defendants herein the defendants other than the Pacific Bank. The bank had been adjudged to be insolvent under the provisions of the bank commissioners' act, and was in liquidation. Under the provisions of that act no attachment or execution could be levied upon any property of the corporation, and the bank was enjoined from the prosecution of any further business except in liquidation, and while it is in process of liquidation the directors, under the provisions of the same act, are permitted to continue the management of its affairs under the direction of the bank commissioners. The complaint alleges that the plaintiff herein was appointed receiver upon the petition of the plaintiffs in the action against the Madera Fruit and Land Company and that that action was commenced by the parties who were settling the affairs of the bank in liquidation, and that the defendants other than the bank are the trustees and directors of the corporation defendant herein. In view of the provisions of the bank commissioners' act, this is equivalent to an averment that he was appointed at the instance of these defendants, as well as of the bank. It is further alleged in the complaint "that said defendants other than said corporation defendant are the trustees and directors of said corporation defendant, and as such have the custody and control of its funds and assets." Under these facts the trustees were properly made defendants in the action, not only that they might protect the funds of the bank in their hands against any unjust claim that might be asserted against it, but also that it might be determined whether the plaintiff's claim is a preferred claim,

and that whatever claim he may establish in his favor should be charged against the funds of the bank in their custody.

The statute of limitations would not begin to run against the plaintiff's claim until his account had been settled and allowed, and the time during which the appeal from the order of allowance was pending would suspend the running of the statute.

The judgment is reversed, and the superior court is directed to enter an order overruling the demurrers and giving to the defendants a suitable time to answer the complaint.

Van Dyke, J., and Garoutte, J., concurred.