FINNERAN v. BURTON (two cases). *

In re BLUE BIRD APPLIANCE CO.

(Circuit Court of Appeals, Eighth Circuit. July 5, 1923.)

Nos. 234, 6294.

Bankruptcy ⊚⟹317—Receiver under invalid appointment by state court not entitled to compensation from bankrupt estate.

Receiver, whose appointment by state court, without consent of corporation subsequently adjudged a bankrupt, was without jurisdiction, and hence void ab initio, cannot be allowed compensation for his services from the bankrupt estate.

Petition to Revise Order of, and Appeal from, the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

In the matter of the Blue Bird Appliance Company, bankrupt, in which E. J. Finneran presented a claim, opposed by William J. Burton, trustee in bankruptcy. The claim was denied, and the action of the referee sustained, by the District Court, and the claimant appeals and brings a petition to revise. Appeal dismissed, and petition denied.

⊚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied October 18, 1923.

Luther Ely Smith and Elmer E. Pearcy, both of St. Louis, Mo., for petitioner appellant.

Alva C. Trueblood, of St. Louis, Mo. (Wilson & Trueblood, and George O. Durham, all of St. Louis, Mo., on the brief), for respondent appellee.

Before LEWIS and KENYON, Circuit Judges, and TRIEBER, District Judge.

KENYON, Circuit Judge. This case is before us on appeal and also on petition to revise. As the questions involved are solely legal ones, we consider the same on petition to revise.

Petitioner was appointed temporary receiver of the Blue Bird Appliance Company by the circuit court of the city of St. Louis, June 19, 1920, in a suit filed by receivers of the Blue Bird Manufacturing Company against the Blue Bird Appliance Company. Plaintiff qualified later as permanent receiver, and took charge of the assets of the Appliance Company, and acted as receiver from August 20, 1920, until November 24, 1920. October 18, 1920, certain creditors of the Appliance Company filed involuntary petition in bankruptcy against said company in the United States District Court for the Eastern District of Missouri. The Appliance Company on November 16, 1920, filed its consent to be adjudged a bankrupt, and consent also that a receiver in bankruptcy should be appointed. In October and November, 1920, applications were made to the St. Louis Court of Appeals for a writ of prohibition against the presiding judge in division No. 2 of the circuit court of the city of St. Louis, to prohibit him from proceeding with the receivership case in the state court on the ground that the court was without jurisdiction. November 24, 1920, the St. Louis Court of Appeals sustained said application, and held that said state court was without jurisdiction, for the reason that plaintiffs in the case in the state court had failed to exhaust their corporate remedies by not holding an election for directors before applying to a court of equity for relief. This case is reported in 207 Mo. App. 149, 226 S. W. 329, entitled State ex rel. George T. Priest, Relator, v. John W. Calhoun, Judge, Respondent. May 16, 1921, the Appliance Company was adjudged a bankrupt. September 30, 1921, William J. Burton, who had acted as receiver in bankruptcy theretofore, was appointed trustee in bankruptcy. May 10, 1922, petitioner filed with the referee a claim for allowance for compensation to himself and for attorney fees while in charge of the company as receiver in the state court, alleging that said services were beneficial to the estate. The referee denied the claim, which action of the referee was sustained by the District Court.

The question as to whether the District Court erred in not allowing said claim in the sum of approximately $15,000 is thus presented on the petition to revise. It is petitioner's theory that the services rendered, both by him and his counsel, were of benefit to the estate, and consequently should be allowed by the bankruptcy court. He cites many cases in support of this position. It is without question that the proceedings in the state court under which petitioner was appointed receiver were without jurisdiction, and under the decision heretofore

cited of 207 Mo. App. 149, 226 S. W. 329, were void ab initio. This question is therefore squarely presented: Where a receiver has been appointed by a court in an involuntary proceeding, in which there was no jurisdiction or authority for the court so to act, and the receiver has proceeded to care for the property, and his care has benefited the estate, is he entitled to compensation for his services out of the property or funds of the bankrupt? The leading case cited and apparently relied on by petitioner is Randolph v. Scruggs, 190 U. S. 533, 23 Sup. Ct. 710, 47 L. Ed. 1165. In that case, however, the assignment was not illegal. The assignee was acting lawfully in what he did before the proceedings in bankruptcy were commenced. The other cases cited by petitioner are not similar to the case at bar. They embrace a situation where legally appointed assignees or receivers claim compensation in subsequent bankruptcy proceedings for beneficial services, or where the owner of the property has assented either expressly or impliedly to the proceedings, so as to charge the property with an equitable lien for beneficial services. It must always be kept in mind that the situation here is one in which there was no voluntary act on the part of the Appliance Company, its officers or directors, from which it could be claimed that they had voluntarily agreed to the receivership in the state court. In the brief of petitioner they state that on the 18th day of June, 1920, the day before petitioner was appointed receiver, all of the officers, directors, and managers of the Appliance Company resigned and left the state of Missouri, except one director, who resigned, but did not leave the state. So the record shows that there were no officers and directors who could be charged with voluntarily doing anything to bring about the receivership in the state court.

Under these circumstances, coupled with the uncontroverted fact that the proceedings in the state court were without jurisdiction, there is no right on the part of the receiver or his attorneys to have compensation out of the property of the Appliance Company. In Hawes et al. v. First Nat. Bank of Madison et al., 229 Fed. 51, 59, 143 C. C. A. 645, 653, this court said:

"In the case at bar, the court, being without jurisdiction, has no property with which to pay any one, and hence is not ruled by Atlantic Trust Co. v. Chapman, 208 U. S. 360, 28 Sup. Ct. 406, 52 L. Ed. 528, 13 Ann. Cas. 1155. Courts may not seize property without jurisdiction, and then claim jurisdiction over the property because it is in the possession of the court."

This doctrine was approved in the late case of Brictson Mfg. Co. v. Woodrough (C. C. A.) 284 Fed. 484. In another case in this court, Fryer et al. v. Weakley, 261 Fed. 509, it was held that, where the receiver was appointed without jurisdiction, the case should be remanded to the District Court, with directions to cause all the moneys and property and all the proceeds of the property seized or collected by the receiver to be paid over and delivered to defendants. The court said (page 514), "The court, being without jurisdiction, has no property to pay them," and refers with approval to the decision announced by Judge Carland in the Hawes Case.

In the case of Bramble v. Brett, 230 Fed. 385, 388, 144 C. C. A. 527, 530 (this circuit), the court had before it the question of allowance to

the assignee or trustee who had protected the property prior to the proceedings in bankruptcy, and the court said:

"An assignee or trustee, who has in good faith protected and preserved property to the benefit of the estate of a bankrupt under an assignment or trust deed valid while he was acting under it, is entitled to payment of his legitimate expenses, and to compensation for his services and for the services of his attorney out of the proceeds of the property he has preserved, which subsequently comes to the trustee in bankruptcy."

It will be noted there the court uses the language "trust deed valid while he was acting under it."

In Hume et al. v. Myers et al., 242 Fed. 827, 830, 155 C. C. A. 415, 418, the court said:

"Any real services, either of an assignee under a deed of assignment or of a receiver acting under judicial authority, will be allowed as a preferred claim in the administration of the property and the distribution of its proceeds to the extent that the services have benefited the estate."

It will be noted there that the assignee or receiver must be acting under judicial authority.

In Hunker, Assignee, etc., v. Bing, Jr. (D. C.) 9 Fed. 277, frequently cited in cases of this character, there was a voluntary assignment, and under these circumstances the court held for services and disbursements benefiting the general body of creditors the assignee should be allowed what was reasonable and just. That case is not in point here.

The proposition is very clearly set forth in McBride v. Coleman, (Ind. App.) 119 N. E. 152, 153. There the receiver had obtained possession of property under a void order of appointment, and the court said:

"Where a receiver obtains possession of property under a void order of appointment, text-writers, and many decisions, generally declare that he has no right to compensation out of the funds of the receivership, for the reason that he has never been legally in possession of such property or assets, and after such order of appointment has been judicially declared void, such receiver is regarded as a trespasser from the beginning. He may not be responsible for such situation, and there are many instances in which the courts have held those responsible for his appointment under such circumstances liable for his reasonable compensation."

In re Weedman Stave Co., 199 Fed. 948, in an opinion by the District Court, reference is made from which a conclusion might be inferred that the District Court was of the opinion that expenses incurred by a receiver, even where he was appointed without authority and the proceedings were void, would be allowed by the court. The question was not at issue in that case, and was not decided.

Where proceedings for appointment of a receiver are not void, but merely voidable, or where the appointment of the receiver is erroneously or improperly made, or where the party affected agreed in any way to the bringing it about, the situation is quite different, and under well-established equity principles, under such circumstances, compensation has been allowed to receivers, and the receivership funds held liable therefor. Such situations are considered in High on Receivers (4th Ed.) § 796c; Beach on Receivers, § 774; Frick v. Fritz, 124 Iowa, 529, 100 N. W. 513; Ephraim v. Pacific Bank et al., 129 Cal. 589, 62 Pac.

177; Bellamy v. Washita Valley Telephone Co. et al., 25 Okl. 18, 105 Pac. 340, 25 L. R. A. (N. S.) 412; American Loan & Trust Co. v. South Atlantic & O. R. Co. (C. C.) 81 Fed. 62; Atlantic Trust Co. v. Chapman, Receiver, etc., 208 U. S. 360, 28 Sup. Ct. 406, 52 L. Ed. 528, 13 Ann. Cas. 1155; Myres v. Frankenthal, 55 Ill. App. 390; Howe et al., v. Jones, 66 Iowa, 156, 23 N. W. 376.

The proceedings in the state court appointing the receiver were absolutely void. Therefore he had no legal right to take possession of the property. He was nothing more at law than a volunteer or a trespasser. We think no case can be found where a receiver has been granted compensation from the fund in his hands where his appointment was illegal, and where there had been nothing from which an inference could be drawn that the bankrupt had agreed to the receivership. The rule is well stated in an early Iowa case, French v. Gifford, 31 Iowa, 428:

"It is insisted by plaintiff's counsel that the compensation of the receiver should be paid out of the fund of which he had the custody and charge, and that he should be permitted to retain the same therefrom. Numerous cases have been cited to show that such is the uniform practice. Upon an examination of these cases it will be found that in every case there was no question made as to the legality or propriety of the appointment of the receiver; that in each case the receiver closed up the business, and settled his accounts in pursuance of his appointment. The receivership in each case was for the benefit of those interested in the fund, and he was paid therefrom, which is only another method of apportioning the costs upon those entitled to the fund. * * * We think it would be an unjust and inequitable rule, if in all cases the receiver should be entitled to his compensation from the fund in his hands, without reference to the legality of his appointment. Under the operation of such a rule, innocent persons might be made to suffer great loss."

It would be inequitable to charge against the bankrupt estate the expense of an action instituted without any legal authority or right, and, as stated in French v. Gifford, 31 Iowa, 428, to permit the same would bring great loss upon innocent persons. The receiver is not without remedy, and can look to the party on whose application the receivership was brought about. It may be suggested that the rule we are laying down will create difficulty in securing the services of men to act as receivers; that no one will be willing to accept an appointment as receiver and run the risk of not being compensated. Possibly the welfare of the country would not be jeopardized if receiverships were less readily granted than they are at present. The net result ofttimes is the absorption of the entire assets of an estate in receivership fees, attorney fees, and other expenses. There is no particular hardship in rquiring the receiver, before accepting appointment, to make certain that the court appointing him has jurisdiction to take possession of the property. It were far better that such rule be adhered to than that encouragement be given to the careless and indiscriminate appointment of receivers, with the expectation that they will be compensated out of the property of the victims.

The appeal herein is dismissed, and the petition to revise is denied.