[Civ. No. 3912. Third Appellate District.—November 23, 1929.]

J. J. MEILI et al., Plaintiffs and Respondents, v. J. A. CRANE et al., Defendants and Respondents; TIMOTHY GOODWIN et al., Interveners and Appellants.

J. E. Hannon for Appellants.

Harry Lyons for Plaintiffs and Respondents.

Edward T. Sherer and Welburn Mayock for Defendants and Respondents.

PULLEN, J., *pro tem.*—To secure the repayment of a promissory note to J. J. Meili and O. W. Fry, respondents, J. A. Crane and Evangelyn Crane executed two mortgages, one a second mortgage on a piece of orchard land in the county of Los Angeles and the other a chattel mortgage on certain furniture and equipment in an apartment house in the city of Los Angeles, together with their leasehold interest therein. Upon default on the note, respondents brought this action praying, among other things, that the mortgages be foreclosed, and that a receiver be appointed *pendente lite* to take over the leasehold interest and the furniture and equipment therein, and that the receiver be empowered to enter said premises, operate and manage the same, collect the rents therefrom and hold the proceeds for the benefit of all parties interested. A receiver was appointed and took charge of the apartment house and furniture, entering into possession in December, 1925, and remaining in possession until dispossessed under an unlawful detainer action brought by the interveners herein, as owners of the apartment house referred to, who recovered judgment against the receiver, as such, for rentals and penalty amounting to $4,810.20. Pending the unlawful detainer action, the receiver, under order of the court, sold the furniture for $1,000. The net result of the operations by the receiver of the apartment house was a balance in his hands of $21.94 realized from rentals which, with the sum of $1,000 realized on the sale of the furniture and equipment, was applied by the court as a credit upon interveners' judgment, leaving a substantial amount of the judgment in favor of interveners unpaid.

While the action in intervention was pending, the real property referred to herein was sold under a decree of foreclosure of the prior mortgage, which sale realized a surplus

of $3,992.45 over and above the amount necessary to satisfy such prior mortgage, which sum was paid into court subject to the outcome of this litigation. Thereupon, interveners herein sought to recover the sum of $1,000 in the hands of the receiver and to be awarded a lien prior to plaintiffs herein on the real property in question and that, out of the proceeds of the sale thereof, there be paid to interveners the balance remaining on their judgment against the receiver.

The trial court allowed the interveners the sum of $1,000, being the proceeds of the sale of the furniture by the receiver, and the net balance of $21.94 in the hands of the receiver, but refused to allow the interveners anything out of the proceeds from the foreclosure of the real property.

From such order and judgment the interveners prosecute this appeal.

Appellants' contention is not supported by the law. . It is the general rule that neither the receiver nor those who obtained his appointment are personally responsible for the expenses of the receivership, when the receipts are insufficient to cover the disbursements.

 If the proceedings for the appointment of the receiver are irregular, he may under certain circumstances recover his expenses and compensation from those who obtained his appointment, and, also, where the parties who obtained the receivership have obtained special benefits, they may in equity be required to satisfy the expenses of the receiver, but neither of these special situations is applicable to the facts here. (*Ephraim* v. *Pacific Bank*, 129 Cal. 589 [62 Pac. 177].) The receiver was regularly appointed and those who obtained his appointment have not benefited beyond their right.

The rule is well stated in the case of *Atlantic Trust Co.* v. *Chapman*, 208 U. S. 360 [13 Ann. Cas. 1155, 52 L. Ed. 528, 28 Sup. Ct. Rep. 406, 408, see, also, Rose's U. S. Notes], appealed from the Ninth Circuit to the Supreme Court of the United States, where Mr. Justice Harlan, speaking for the court, said:

"We are of opinion that the court of appeals erred in holding that the trust company was liable for the deficiency found to exist. No such liability could arise from

the simple fact that it was on plaintiff's motion that a receiver was appointed to take charge of the property pending the litigation. The motion for a receiver was to the end that the property might be cared for and preserved for all who had or might have an interest in the proceeds of its sale. The circumstances seemed to have justified the motion, but whether a receiver should have been appointed or not was in the sound discretion of the court. Immediately upon such appointment and after the qualification of the receiver, the property passed into the custody of the law, and thenceforward its administration was wholly under the control of the court by its officer or creature, the receiver. In *Booth* v. *Clark*, 17 How. (U. S.) 322, 331 [15 L. Ed. 164, 167, see, also, Rose's U. S. Notes], it was said: 'A receiver is an indifferent person between parties, appointed by the court to receive the rents, issues, or profits of land, or other thing in question in this court, pending the suit, where it does not seem reasonable to the court that either party should do it. Wyatt, Practical Reg. 355. He is an officer of the court; his appointment is provisional. He is appointed in behalf of all parties, and not of the complainant or of the defendant only. He is appointed for the benefit of all parties who may establish rights in the cause. The money in his hands is *in custodia legis* for whoever can make out a title to it. *Delany* v. *Mansfield*, 1 Hogan (Ir.), 234. It is the court itself which has the care of the property in dispute. The receiver is but the creature of the court; he has no powers except such as are conferred upon him by the order of his appointment and the course and practice of the court. *Verplanck* v. *Mercantile Ins. Co.*, 2 Paige (N. Y.), 452.' In *Porter* v. *Sabin*, 149 U. S. 473, 479 [37 L. Ed. 815, 818, 13 Sup. Ct. Rep. 1008, 1010, see, also, Rose's U. S. Notes], the court said: 'When a court exercising jurisdiction in equity appoints a receiver of all the property of a corporation, the court assumes the administration of the estate; the possession of the receiver is the possession of the court; and the court itself holds and administers the estate, through the receiver as its officer, for the benefit of those whom the court shall ultimately adjudge to be entitled to it.' '' (Citing cases.)

Without further elaboration or further citation of authorities, we are of the opinion that the judgment should be affirmed, and it is so ordered.

Plummer, Acting P. J., and Thompson (R. L.), J., concurred.