[L. A. No. 16071.   In Bank.—Sept. 3, 1941.]

HENRY STANTON, Respondent, v. OTHELLO F. PRATT, Appellant.

Michael F. Shannon, Thomas A. Wood and Charles W. Wolfe for Appellant.

Perry F. Backus and Roger S. Page for Respondent.

SHENK, J.—This appeal from a judgment for the plaintiff is submitted on the judgment roll and the appellant's opening brief.

The judgment roll shows the following facts:

The defendant Leonard G. Nicoll was the inventor of a method of making photographic reproductions in color, for which a United States patent had issued, of a "one-shot" color camera, and various parts, processes and secret formulae in connection therewith. In August, 1935, Nicoll entered into an agreement with Harry G. Bowman, Jr., wherein Nicoll agreed to make such reproductions and Bowman agreed to equip a laboratory studio and to pay the expenses thereof, including salaries to Nicoll and his assistant Tracey for their services in making and marketing commercial photographic reproductions in color with the use of the invention and secret formulae. The defendant Pratt had a laboratory studio in Hollywood which he represented to Bowman was suitably equipped for the purpose, and which was selected by Bowman as the place in which Nicoll and his assistant should conduct the work. Bowman and Pratt, by agreement, were to divide the profits equally. Bowman furnished funds to transport Nicoll, his assistant, and their equipment from New York to Hollywood. Nicoll and his assistant performed services at the

laboratory in Hollywood. The plaintiff became the owner of Bowman's interest in the agreements by assignment. He furnished funds for installing certain improvements, facilities and equipment in the laboratory, for salaries and expenses in connection with an additional photographic and demonstrating studio, and for the cost of forming a corporation. A large amount of actual and potential business was obtained.

About February 21, 1936, without notice or warning, Pratt locked the door of the studios, refused admittance to all except Nicoll and Tracey, and removed cameras and other property, including books of account.

The plaintiff commenced this action to recover from the defendants Pratt, Nicoll and Tracey, the amounts furnished by him and his assignor, and the damages and losses on account of the actions of the defendants, and to have restored the studio properties and equipment; also to enjoin the defendants from disposing of the property, and for the appointment of a receiver to take charge of the property and business. The court appointed a receiver. A demurrer to the complaint, filed on behalf of all of the defendants, was overruled. On the trial of the issues joined by the answer, the court found that the total amount due from the defendant Pratt to the plaintiff pursuant to the claims alleged in the complaint was the sum of $1579.95; that the plaintiff had also paid the expenses and costs incurred by the receiver in the sum of $683.70; and that $200 was a reasonable fee to be allowed the receiver for his compensation. It ordered the return of the studio and personal property to the defendants, the recovery by the plaintiff from the defendant Pratt of "(1.) the sum of $1579.95; (2) the costs of the receivership fixed in the sum of $683.70, (3) fee of the receiver hereby taxed in the sum of $200.00, and (4) plaintiff's costs of suit herein taxed at $126.25", and terminated the receivership.

The defendant Pratt appealed from the judgment. He contends first that the court erred in overruling the demurrer interposed on the ground that the complaint did not state facts sufficient to constitute a cause of action in that it failed to allege a condition claimed to have been agreed upon as a prerequisite to the plaintiff's right to the return of money furnished. The plaintiff's right to recover, as disclosed by the judgment roll, was not based upon the happening of the condition, but on the breach of the agreement by the defend-

ants. ■ The appellant also contends that the demurrer should have been sustained because, so he claims, paragraph VIII of the complaint failed to allege an assignment except by an inference to be drawn from the designation of Bowman as the plaintiff's assignor. However, said paragraph of the complaint also expressly alleged an assignment to the plaintiff of the agreements which form the main basis of the cause of action. We think the allegation was sufficient as against the demurrer. ■ Furthermore, the defendants denied this allegation. The court found that the appellant was indebted to the plaintiff in the amounts above recited. In the absence of the record of the testimony, it must be assumed that the evidence fully supported the finding and that the appellant was not prejudiced because of the ruling on the demurrer.

■ The appellant next contends that the findings of fact fail to support the judgment. This contention is based on the absence of any finding that the condition hereinabove referred to had materialized. For the reason hereinabove stated, a finding of the existence of the condition was not necessary to support a judgment for the plaintiff. Also, in the absence of the record of the testimony, the appellant may not properly urge error in the court's findings as to the amounts collected by the defendant Pratt for the plaintiff's account.

■ The appellant asserts that the court erred in allowing costs to the plaintiff because section 1032 of the Code of Civil Procedure prohibits the recovery of costs "when the judgment is one which could have been rendered by a municipal or inferior court within the same county or city and county." He contends that costs of receivership are such costs as are referred to in said section. Neither the section nor the judgment may so be construed. Those expenses were not taxed by the court as costs of suit. They were allowed to the plaintiff as a part of his principal recovery against the defendant Pratt. The statement in the case of *Ephraim* v. *Pacific Bank,* 136 Cal. 646 [69 Pac. 436], that the amount allowed the receiver as compensation and expenses was properly "costs of the suit", does not justify a decision in this case in accord with the appellant's contention. In that case the plaintiff was suing to recover sums of money allowed to him as expenses and fees incurred and earned by reason of his appointment as receiver in another action. It was held that the defendant, an

insolvent bank, was liable for such costs and fees. The court there designated the sums as ''costs of the suit'' for the purpose of determining the preferences in the matter of payments of costs and in terminating the affairs of the corporation. It concluded that such costs were preferred as against the claims of general creditors. The same result would have followed no matter what designation had been given them. The court in describing them as ''costs of the suit'' could not have had in mind the ''costs of suit'' as contemplated by section 1032 of the Code of Civil Procedure.

As shown by the earlier case of *Ephraim* v. *Pacific Bank,* 129 Cal. 589 [62 Pac. 177], the receiver looks primarily to the fund of which he was made the custodian for reimbursement of his expenses and for payment of his compensation. It was there said that if the fund be insufficient, he may then look to the parties at whose instance he was appointed. It may also transpire that liability to pay the expenses and fees of a receivership rests upon any or all of the parties for whose benefit the receivership was created. (*Meili* v. *Crane,* 102 Cal. App. 144 [282 Pac. 960].) The present appears to be such a case. We find no error in the record which would justify a reversal.

The judgment is affirmed.

Gibson, C. J., Curtis, J., Edmonds, J., Carter, J., and Traynor, J., concurred.