(18 App. Div. 293.)

### WHITE v. RANKIN.

(Supreme Court, Appellate Division, Second Department. June 15, 1897.)

1. TRUSTS—ACCOUNTING BY TRUSTEE.

Three persons agreed to enter upon the construction of several houses, title to which was to be taken in the name of one of the parties, who was to act as treasurer, calling upon the others for funds as needed, and making the disbursements, and accounting upon the sale of the houses. Upon a suit against such treasurer for an accounting, *held* that the case was one for the application of the rule that a trustee must show that the account he renders and the expenditures which he claims are correct, just, and necessary, and that, if he does not keep clear and accurate accounts, all obscurities and doubts are to be resolved against him.

2. SAME—RECEIPTS AS EVIDENCE.

A receipt, signed by a trustee, for a sum alleged to have been paid by him to a firm of which he is a member, is no higher evidence, upon his accounting, of a credit claimed by him, than his own oral statement.

Appeal from judgment on report of referee.

Action by James White against James D. Rankin and another. From a judgment against him, defendant Rankin appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Daniel B. Thompson, for appellant.
Hector M. Hitchings, for respondent.

HATCH, J. The purpose of this action was to procure an accounting by the defendant Rankin, as trustee for the plaintiff, the defendant Christian, and himself. The parties, by agreement, entered upon the construction of five houses, the arrangement being that the defendant Rankin should take the title to the houses, should act as treasurer, pay all bills, and render an account to his cestui que trust. The houses, when finished, were to be sold, and the proceeds divided between the parties. Each party was to contribute one-third of the money necessary, and the same was to be paid to Rankin from time to time, as the necessity of construction required. The evidence warranted the conclusion that Rankin was to account whenever a house should be sold. The action was brought after three houses had been sold, and after Rankin had refused, upon demand, to ac-

count for the proceeds. He claimed that he was not to account until all the houses were sold. This question is not of paramount importance, for, after the action was at issue, the remaining two houses were sold, and all of the parties were brought in, and joined in the accounting action brought by the plaintiff.

It appeared upon the trial before the referee that Rankin kept no regular books, and that his accounts were in a very unsatisfactory state, some being found in a journal book, some in checks, and some in a check book, from which he testified, but which does not seem to have been produced upon the trial. For many of his expenditures he had no vouchers, and his verbal account of a large number of items is confused, in some respects contradictory, and upon the whole very unsatisfactory. The general rule of law applicable to a trustee burdens him with the duty of showing that the account which he renders and the expenditures which he claims to have made were correct, just, and necessary. Marvin v. Brooks, 94 N. Y. 71. He is bound to keep clear and accurate accounts, and, if he does not, the presumptions are all against him; obscurities and doubts being resolved adversely to him. 2 Perry, Trusts, § 821. We find no equitable considerations present in this case which call, in any respect, for a mitigation of this rule. Application of this principle to the facts of this case would have warranted the referee in charging the trustee with other items, which by the findings have been allowed him.

It is not needful that we state in detail the result of our examination of the case. We have read the whole of the testimony, and shall content ourselves with a discussion of some of the larger items of which the trustee complains. The item of $583.75, claimed to be a payment made by the defendant to the firm of which he was a member, is not satisfactorily accounted for, and the evidence was sufficient to warrant the referee in rejecting it. This item is made up of quite a number of items paid to employés for work done, ranging in sums of from $3 to $211.25. No vouchers are produced, and no proof is given by any of the workmen to whom the several sums were claimed to have been paid, except as to the largest item in the bill, and in respect to this it was not conclusive upon the referee, in view of the other testimony in the case. The voucher filed was simply the receipt of Rankin that he had paid his firm that amount. This was no higher evidence than his oral statement. The payment was not admitted by the plaintiff, as his admission of payments represented by vouchers was qualified, and this item falls within the qualification. So far as the Lewis and Meyer notes are concerned, it appears from the evidence that the defendant Rankin from time to time called upon his associates to furnish proportionate shares of money, for the purpose of paying notes as they fell due. The notes, when taken up, were retained by Rankin. They constituted in his hands a voucher of the fact that the notes had been paid, but not of the fact that Rankin had paid the entire amount. When upon the stand Rankin would not testify that he had not received from his associates their proportionate share of these notes. The payment was not admitted, as the admission was of vouchers, and these notes did not, upon their face, in view of the dealings between the parties,

stand as a voucher, beyond the fact of payment by Rankin of his proportionate share; and in this respect the case is not aided by the production of the check payable to Fisher & Valz, as it rests upon the same ground. It is not profitable to further pursue the discussion upon this branch of the case.

The defendant Rankin claims commissions. The claim has been disallowed by the referee. This finding could have been based upon the ground that it was not within the contemplation of the parties that Rankin should receive any compensation by way of commissions. Such ground would have the support of evidence and of authority to sustain it. 2 Perry, Trusts, p. 576, § 918; Blunt v. Syms, 40 Hun, 566. Or the referee could have found that, by reason of the mismanagement of the estate, he had forfeited his right to commissions. Either ground is a sufficient answer to the claim now made. Cook v. Lowrey, 95 N. Y. 103.

The award of costs was within the discretion of the referee, and we find no reason for interfering with its exercise. 2 Perry, Trusts, §§ 891–900. The judgment should be affirmed, with costs. All concur.