### KAHN v. LICHTENSTEIN et al.

(Supreme Court, Appellate Division, First Department.     April 7, 1898.)

COMPENSATION OF VOLUNTARY TRUSTEE.

The defendant, one of several creditors of a firm, voluntarily suggested to the others, for the mutual benefit, an arrangement by which all of their claims should be assigned to him, and by which the debtors should also assign to him their outstanding accounts and stock, he agreeing to divide the proceeds, after deducting all necessary and proper .expenses, among the creditors pro rata.     Assignments were accordingly made to him both by the creditors and the debtors.     *Held*, in an action for an accounting, that under the circumstances, and especially in view of his having voluntarily sought the position, defendant was not entitled to commissions.

Appeal from judgment on report of referee.

Action by Joseph Kahn against Solomon B. Lichtenstein and others. Judgment for plaintiff entered on report of referee, and defendant Lichtenstein appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Jay C. Guggenheimer, for appellant.
Arthur Hurst, for respondent.

McLAUGHLIN, J.   On the 26th day of December, 1894, the firm of S. A. Guttmann & Co. was indebted in different amounts to each of the parties to this action, and the appellant then represented to the other parties that said firm was desirous of liquidating said claims, and would do so by assigning to him all of its outstanding accounts and a stock of jewelry and silverware which it then had on hand, provided the appellant was substituted as the sole creditor of said firm.   A written agreement was entered into between the parties to this effect.   The claims against the firm of S. A. Guttmann & Co. were thereupon assigned to the appellant, and said firm thereupon delivered to him the stock of jewelry and silverware, and assigned the outstanding accounts for the purpose contemplated in the agreement.   The appellant having failed to account to the other parties for the proceeds of the property delivered, and the accounts transferred, this action was brought to compel him to do so.   The plaintiff was successful, and the appellant was directed to render an account before a referee named. The referee allowed the appellant commissions on the moneys received by him under the agreement above referred to.   Thereafter a motion was made to confirm the report of the referee, and for final judgment, which motion was opposed by the plaintiff substantially upon the ground that the appellant was not entitled to commissions; and in this respect he was successful before the special term, where the report was modified by striking out the allowance of commissions, allowing to the appellant certain items which the referee had refused to allow, and also awarding to the plaintiff taxable costs and an extra allowance of $100.   From the final judgment entered upon the report as thus modified this appeal was taken.

There is no merit in the appeal.   The appellant was not entitled to commissions.   It is apparent from the agreement entered into between the parties to this action that the appellant voluntarily sought the position, and whatever he did under the agreement was as much for his own benefit and interest as it was for any of the other parties to it.   It is also apparent from the agreement that he did not expect, when the agreement was made, to receive, or the other parties to pay, commissions for services to be rendered by him under it.   He agreed to "divide the proceeds, * * * after deducting all necessary and proper expenses, among all of the parties hereto in proportion to the respective amounts now due by the said firm of S. A. Guttmann & Company."   Under such circumstances, and especially in view of the fact that he voluntarily

sought the position, commissions ought not to be allowed. Blunt v. Syms, 40 Hun, 566; White v. Rankin, 18 App. Div. 293, 46 N. Y. Supp. 228. The costs awarded to the plaintiff, including the extra allowance, were in the discretion of the court. Code Civ. Proc. § 3230.

The judgment should be affirmed, with costs. All concur.