Joseph Kahn, Respondent, v. Solomon B. Lichtenstein, Appellant, Impleaded with Others.

*A creditor of a firm who volunteers to take its property and pay the debts of the other creditors, denied commissions.*

A creditor of a firm who, by representing to other firm creditors that the firm desires to and will liquidate its obligations by assigning to him all its outstanding accounts and stock on hand, provided he is made its sole creditor, obtains from them an instrument, by its terms, substituting him as such creditor, and providing that he is " to divide the proceeds (of the property receivable by him), * * * after deducting all necessary and proper expenses, among all the parties thereto in proportion to the respective amounts now due by the said firm," and who subsequently obtains from the firm an assignment of its accounts and stock in trade, is not, when compelled by one of the other creditors to account for the proceeds thereof, entitled to any commissions; as it is evident that compensation to him was not contemplated and that the position was of his own seeking.

Appeal by the defendant, Solomon B. Lichtenstein, from a final judgment of the Supreme Court, in favor of the plaintiff, made at the New York Special Term on the 26th day of October, 1897, and entered in the office of the clerk of the county of New York, upon the report of a referee, in so far as said judgment " modifies the report of the referee herein by disallowing the commissions due to the defendant Solomon B. Lichtenstein, and in so far as the said judgment fails to allow the said defendant his commissions or compensation as trustee;" also, " in so far as the same directs that there shall be paid to the plaintiff out of the fund his taxable costs and an allowance of one hundred dollars;" also, " in so far as the same fails to grant an allowance to the said defendant;" and, also, " in so far as the same fails to grant any allowance out of the said fund for fees of the defendant's counsel."

*Jay C. Guggenheimer,* for the appellant.

*Arthur Hurst,* for the respondent.

McLAUGHLIN, J.:

On the 26th day of December, 1894, the firm of S. A. Guttman. & Co. was indebted, in different amounts, to each of the parties to this action; and the appellant then represented to the other parties that said firm was desirous of liquidating said claims and would do so by assigning to him all of its outstanding accounts and a stock of jewelry and silverware which it then had on hand, provided the appellant was substituted as the sole creditor of said firm. A written agreement was entered into between the parties to this effect. The claims against the firm of S. A. Gutmann & Co. were thereupon assigned to the appellant, and said firm thereupon delivered to him the stock of jewelry and silverware, and assigned the outstanding accounts for the purpose contemplated in the agreement. The appellant having failed to account to the other parties for the proceeds of the property delivered and the accounts transferred, this action was brought to compel him to do so. The plaintiff was successful and the appellant was directed to render an account before a referee named. The referee allowed the appellant commissions on the moneys received by him under the agreement above referred to. Thereafter a motion was made to confirm the report of the referee and for final judgment, which motion was opposed by the plaintiff substantially upon the ground that the appellant was not entitled to commissions; and in this respect he was successful before the Special Term, where the report was modified by striking out the allowance of commissions, allowing to the appellant certain items which the referee had refused to allow, and also awarding to the plaintiff taxable costs and an extra allowance of $100. From the final judgment entered upon the report, as thus modified, this appeal was taken.

There is no merit in the appeal. The appellant was not entitled to commissions. It is apparent from the agreement entered into between the parties to this action that the appellant voluntarily sought the position, and that whatever he did under the agreement was as much for his own benefit and interest as it was for that of any of the other parties to it. It is also apparent, from the agreement, that

he did not expect, when the agreement was made, to receive, nor the other parties to pay, commissions for services to be rendered by him under it.   He agreed to "divide the proceeds,   *   *   *   after deducting all necessary and proper expenses, among all of the parties hereto in proportion to the respective amounts now due by the said firm of S. A. Gutmann & Company."   Under such circumstances, and especially in view of the fact that he voluntarily sought the position, commissions ought not to be allowed.   (*Blunt* v. *Syms*, 40 Hun, 566; *White* v. *Rankin*, 18 App. Div. 293.)

The costs awarded to the plaintiff, including the extra allowance, were in the discretion of the court.   (Code Civ. Proc. § 3230.)

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., RUMSEY, PATTERSON and INGRAHAM, JJ., concurred.

Judgment affirmed, with costs.