ITHELL v. MALONE.

(Supreme Court, Special Term, Kings County.    May 12, 1915.)

1. TRUSTS ⊚⇒289—DUTY OF TRUSTEE—ACCOUNTS.
    The fiduciary relation of a trustee to a beneficiary requires that the trustee keep proper and accurate accounts.
    [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 408; Dec. Dig. ⊚⇒289.]

2. TRUSTS ⊚⇒326—TRUSTEE—CONFIRMATION OF ACCOUNTS—BURDEN OF PROOF.
    Where a trustee seeks judicial confirmation of his account, the burden of proof is upon him to show honest dealing.
    [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 486; Dec. Dig. ⊚⇒326.]

3. TRUSTS ·⊚⇒326—TRUSTEE'S ACCOUNTS—ACCURACY—SUFFICIENCY OF EVIDENCE.
    Evidence as to their accuracy held insufficient to sustain referee's report confirming accounts of defendant trustee.
    [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 486; Dec. Dig. ⊚⇒326.]

Accounting by Olive B. Malone, in which Emma F. Ithell files objections. On plaintiff's exceptions to the report of the official referee. Exceptions sustained.

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes .

Wingate & Cullen, of New York City (Clarence Sage Woodman, of New York City, of counsel), for plaintiff.

Frank B. Vermilya, of New York City, for defendant.

BENEDICT, J.    [1, 2]  The motion made by the defendant for confirmation of the second report of the official referee to whom this matter was referred should not be granted.   The defendant occupied a fiduciary relation towards the plaintiff, which required, not only the utmost good faith in dealing justly with her principal, but also imposed upon her the obligation of keeping proper accounts of her stewardship.   She apparently kept none with any regularity, either accurate or otherwise, but depended upon fragmentary and imperfect memoranda and the recollection of her subagent or her own memory to enable her to make up the unverified statement of account which she presented to the learned referee herein.   The testimony in support of that statement is too dubious to have the probative force which it has received in a case where the burden rested upon the defendant to show clearly that she was dealing honestly.

In White v. Rankin, 18 App. Div. 293, 46 N. Y. Supp. 228, affirmed in 162 N. Y. 622, 57 N. E. 1128, the circumstances presented many similarities to those here in so far as the nature of the account was concerned.   The Appellate Division in this Department (Mr. Justice Hatch writing) said:

"It appeared upon the trial before the referee that Rankin kept no regular books, and that his accounts were in a very unsatisfactory state, some being found in a journal book, some in checks, and some in a check book, from which he testified, but which does not seem to have been produced upon the trial.   For many of his expenditures he had no vouchers, and his verbal account of a large number of items is confused, in some respects contradictory, and upon the whole very unsatisfactory.   The general rule of law applicable to a trustee burdens him with the duty of showing that the account which he renders and the expenditures which he claims to have made were correct, just, and necessary.   Marvin v. Brooks, 94 N. Y. 71.   He is bound to keep clear and accurate accounts, and if he does not the presumptions are all against him; obscurities and doubts being resolved adversely to him.   2 Perry on Trusts, 821.   We find no equitable considerations present in this case which call in any respect for a mitigation of this rule."

[3]  In the present case the defendant claimed that she made payments which amount in the aggregate to $19,182.87, and for these payments, covering a period of about four years, she produced no vouchers—neither checks, check books, nor receipts, except for $1,527.57 paid to the plaintiff at different times, and another item of $297.50 on certain notes.   She claims to have received from rents of many furnished apartments sums aggregating $16,126.40 according to the referee's report.   As to her receipts, she kept no regular book of account, but made up her account from memoranda not in existence at the time of the hearing.   To quote from the testimony which her husband, who acted as her agent, gave:

"From papers, yes, sir; slips of paper and hearsay; that is what we thought about that time."

Much as I dislike to refuse confirmation to the report of one of the official referees of this court, I think that no account resting upon

such shadowy and unsubstantial basis as this should have been approved. Plaintiff's exceptions must be sustained. For this reason there should be a rehearing, and under the circumstances and in justice to the plaintiff it should be before another referee.

The plaintiff's motion to amend the report is denied, as there should be a rehearing upon the entire account.