# BRAMBLE v. BRETT.

## In re STALCUP.

### (Circuit Court of Appeals, Eighth Circuit. February 24, 1916.)

### No. 4472.

**1. BANKRUPTCY ☞317—ASSIGNMENTS FOR CREDITORS—RIGHT TO COMPENSATION AND EXPENSES.**

Rev. Laws Okl. 1910, § 218, requires assignments for the benefit of creditors to be acknowledged. Section 221 requires the making and filing of an inventory. Section 223 requires the assignment to be recorded and the inventory filed with the register of deeds. Section 225 provides that an assignment is void against creditors and purchasers and incumbrancers in good faith and for value, if the assignment is not recorded and the inventory filed within 20 days. Section 227 requires a bond to be given within 30 days. Section 1154 provides that, except as thereinafter provided, no acknowledgment or recording shall be necessary to the validity of any deed, etc., as between the parties thereto. Section 1181 requires every acknowledgment to be under the seal of the officer taking it. *Held*, that an assignment for the benefit of creditors, acknowledged before a justice of the peace, who had no official seal, was nevertheless valid as between the assignor and the assignee, and as against creditors not objecting thereto, and where no creditor objected, and the time for recording the assignment and filing the bond and inventory had not expired when the assignor forcibly ejected the assignee and took possession of the property, and on his voluntary petition procured an adjudication in bankruptcy, the assignment was not invalid, so as to deprive the assignee of his right to payment for his services and expenses.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 493–495 Dec. Dig. ☞317.]

**2. BANKRUPTCY ☞317—ASSIGNMENTS FOR CREDITORS—RIGHT TO COMPENSATION AND EXPENSES.**

An assignee for the benefit of creditors, or trustee for creditors, who in good faith, prior to the filing of a petition in bankruptcy, protected and preserved property to the benefit of the bankrupt's estate, under an assignment or trust deed, valid while he was acting under it, was entitled to payment of his legitimate expenses, and to compensation for his services and for the services of his attorney, out of the property so preserved.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 493–495; Dec. Dig. ☞317.]

**3. BANKRUPTCY ☞249 — ADMINISTRATION OF ESTATE — MINGLING PROPERTY WITH OTHER PROPERTY.**

A trustee in bankruptcy, who knowingly appropriated to the benefit of the estate property which he knew was not the property of the bankrupt, but of a trustee for creditors carrying on the bankrupt's business prior to the bankruptcy, and who mingled it or its proceeds with the proceeds of the bankrupt's property, so that they could not be distinguished, was bound in justice and equity to pay the preceding trustee the value of such property out of the proceeds of the bankrupt's estate.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 347; Dec. Dig. ☞249.]

**4. BANKRUPTCY ☞458—ASSIGNMENTS FOR CREDITORS—CLAIM OF ASSIGNEE.**

A trustee in bankruptcy, before selling merchandise purchased by B., a trustee for the creditors of the bankrupt, who carried on the bankrupt's business prior to bankruptcy, knew that the merchandise was not part of the bankrupt's property. The party selling the merchandise to B. demanded the merchandise from the trustee, while B. made no such

---

demand, but filed a claim for compensation for his services and reimbursement for his expenses, including the cost of such merchandise. *Held* that, on appeal from an order disallowing such claim, it was not too late for B. to assert his equitable claim to such merchandise, and it would be presumed that he would pay the party from whom he purchased it.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 918; Dec. Dig. ☉═458.]

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

In the matter of J. W. Stalcup, bankrupt. From an order disallowing a claim of H. W. Bramble, opposed by J. F. Brett, trustee, the claimant appeals. Reversed and remanded, with directions.

D. H. Wilson, of Vinita, Okl., for appellant.

J. F. Brett, of Muskogee, Okl. (Pfendler & Brown and Hartsell & Mack, all of Muskogee, Okl., on the brief), for appellee.

Before SANBORN and CARLAND, Circuit Judges, and TRIEBER, District Judge.

SANBORN, Circuit Judge. This is an appeal from an order disallowing a claim against the estate of a bankrupt made by a trustee for creditors to recover expenses incurred and services rendered by him before the bankruptcy, upon this state of facts: On November 12, 1914, Stalcup, an insolvent merchant, met his creditors and pursuant to an agreement among them made a trust deed of substantially all his property to H. W. Bramble, the claimant and appellant, in trust, to take possession of and sell his merchandise in the regular course of business, to replenish the stock from the proceeds of the sales, to collect his book accounts, to pay from the proceeds of the sales dividends pro rata, to pay all his creditors and in case such creditors should not be paid in full by March 12, 1915, then to advertise and sell all the remaining property, to distribute the proceeds, after paying expenses of administration, among the creditors pro rata, and to turn over the surplus, if any, to Stalcup. On November 12, 1914, Bramble took possession of the property and of this trust deed, made an inventory thereof, and on November 21, 1914, while he was proceeding to sell some of the merchandise in the regular course of business, Stalcup forcibly evicted him from the premises and took possession of the property. Thereupon Bramble immediately employed an attorney and obtained a restraining order from a court forbidding Stalcup to interfere with his management of the property, when, on November 25, 1914, on the voluntary petition of Stalcup, he was adjudged a bankrupt and the property passed into the custody of the bankruptcy court. To that court Bramble presented a petition to be allowed and paid out of the proceeds of the estate of the bankrupt, before their distribution to creditors, $116.10 for his services as trustee before the bankruptcy, $100 for the services of his attorney, the expenses of taking the inventory and running the business, and $483.87 for merchandise which he had purchased from the Ratcliff-Sanders Grocer Company to replenish the stock. The referee and the District Court denied his petition and refused to allow him

anything, upon the ground that the trust deed was a general assignment for the benefit of creditors and was void as to creditors on account of its failure to conform to the laws of the state of Oklahoma.

[1] The reasons why it is insisted the trust deed did not conform to the laws of the state of Oklahoma and was consequently void as to creditors are that it was an assignment for the benefit of creditors, and (a) that it was acknowledged before a justice of the peace who had no official seal, when it could be legally acknowledged by an officer having an official seal only. Revised Laws of Oklahoma 1910, § 1181. But no acknowledgment was requisite to its validity between the assignor and the assignee (Revised Laws of Oklahoma, c. 4, §§ 218, 223, 224, and sections 1154 and 4036), and being valid between them it was valid against all the creditors who did not object to it, and the evidence is conclusive that no creditor made any objection to it while Bramble was acting under it. Conceding that the assignment might have been avoided by an objecting creditor, it was not void. There was nothing in it to which the debtor, the trustee and every creditor might not lawfully have bound himself by his agreement or consent. It was, therefore, valid between the assignor and assignee and voidable, but not void, as to creditors. As to the latter it was valid until avoided by them, not void until validated by them, and as no creditor avoided it or took any steps to avoid it while Bramble was in possession of the property and acting under it he ought not to be deprived of the expenses he incurred or the compensation he earned while he was acting in good faith thereunder.

But counsel say that the trust deed was void (b) because it was not recorded, and it is true that the laws of Oklahoma required it to be recorded (chapter 4, §§ 218, 223), but it seems that the penalty of invalidity for failure to make the record does not fall unless the record is not made and the inventory required in the statute is not filed within 20 days after the date of the assignment (section 225); (c) because no inventory was filed, but no penalty fell for the failure to file the inventory until 20 days after November 12, 1914 (sections 221, 225), and all the expenses of Bramble were incurred and all his services were rendered within 15 days after that date; (d) because no bond was filed with the proper officer, but no penalty fell for the failure to file a bond until 30 days from the date of the assignment (section 227), and all the dealings of Mr. Bramble with the property were concluded before that date. The result is that because, until after Bramble was evicted from the property and until after the adjudication of bankruptcy was made, it was in the power of Bramble to comply with the laws of Oklahoma, because it was competent for the debtor Stalcup, the trustee Bramble and the creditors by consent or agreement to bind themselves to all the terms of the trust deed and to a waiver of all the requirements of the statutes of Oklahoma regarding the execution, record, inventory and bond in the case of an assignment for the benefit of creditors, and no creditor had objected to or challenged the validity of this trust deed while Bramble was acting under it, and because during the time he was thus acting it was still possible to comply with all the

requirements of the statutes of Oklahoma before any penalty for failure to comply could fall, the trust deed was not void, but valid until avoided by the adjudication in bankruptcy. Until that time while the trust deed was doubtless voidable by objecting creditors because by its terms it hindered and delayed the collection of their claims, it was voidable only, and, as no creditor had attacked it, it was valid, and Bramble was warranted in proceeding to execute the trust he had accepted under it. It was valid until avoided, not void until validated, and, as long as he was acting under it, it was not avoided.

[2] There was no fraud or evil intent; no intent to evade the bankruptcy law in the making of the trust deed or the administration of the property under it. It was made by the assignor and accepted by the assignee and by the creditors in good faith to enable the assignee to administer the property and pay the debts of the assignor. It provided a just and commendable way to prevent the sacrifice of the business, the good will and the property of the debtor and to secure the claims of his creditors. The trustee in good faith took possession of the property and proceeded to discharge his duty under the trust deed. He made an inventory of the property, he kept it secure from robbery or misappropriation until the assignor forcibly dispossessed him and then he employed an attorney, commenced legal proceedings and obtained a restraining order from the court to enable him to recover the possession of and to protect the property. Under these circumstances it is the opinion of the court that the care and services of Bramble were a benefit to the estate of the bankrupt and that he is entitled to the payment to him by the trustee in bankruptcy in preference to the creditors of Stalcup of the sum of $113.01 on account of his running expenses incurred under the trust deed, to $25 on account of the services of his attorney, to $25 on account of his own services and to the sum of $838.86 on account of the merchandise he purchased as trustee from Ratcliff-Sanders Grocer Company which the trustee in bankruptcy knowingly appropriated and the proceeds of which he mixed with those of the proceeds of the property of the bankrupt and used for the benefit of his estate, making in all $1,001.87. He should be charged with $46.02, which he admits he received, leaving the balance due to him $955.85. Let this amount with legal interest from January 1, 1915, be paid to the claimant, H. W. Bramble, out of the proceeds of the estate of the bankrupt in preference to dividends to creditors. An assignee or trustee who has in good faith protected and preserved property to the benefit of the estate of a bankrupt under an assignment or trust deed valid while he was acting under it is entitled to payment of his legitimate expenses and to compensation for his services and for the services of his attorney out of the proceeds of the property he has preserved which subsequently comes to the trustee in bankruptcy. Randolph v. Scruggs, 190 U. S. 533, 537, 539, 23 Sup. Ct. 710, 47 L. Ed. 1165; Summers v. Abbott, 122 Fed. 36, 39, 58 C. C. A. 352, 355; In re Chase et al., 124 Fed. 753, 759, 760, 59 C. C. A. 629, 635, 636.

[3, 4] And a trustee in bankruptcy who knowingly appropriates to

the benefit of the estate of the bankrupt property which he knows was not the property of the bankrupt, but was that of a preceding trustee, and who mingles it or its proceeds with the proceeds of the property of the bankrupt so that they may not be distinguished, ought in justice and equity to pay to the preceding trustee the value of such property out of the proceeds of the estate of the bankrupt which has received the benefit thereof. Smith v. Mottley, 150 Fed. 266, 80 C. C. A. 154; In re J. M. Acheson Co., 170 Fed. 427, 429, 95 C. C. A. 597, 599, and cases there cited. The answer to the suggestion that the Ratcliff-Sanders Grocer Company, the vendor of the merchandise to Bramble, trustee, demanded this merchandise of the trustee in bankruptcy, and Bramble, the trustee, did not make such demand, is that the evidence convinces that, as the trustee in bankruptcy knew that this merchandise was not a part of the property of the bankrupt before he sold it, it is not too late for Bramble as trustee to assert his equitable claim now, or even after the decision of this case. The court will presume that he will pay the Grocer Company for the merchandise for which he owes it upon his receipt of the money therefor, and it will be less expensive and more beneficial to the creditors of the estate to receive the adjudication of the rights of these parties and a disposition of this entire matter now than to leave it in a condition for continuing litigation upon a new claim presented by Bramble or by the Grocer Company.

The decree below is accordingly reversed, and the case is remanded, with directions to render a decree granting the petition of H. W. Bramble and directing the trustee in bankruptcy to pay to him $955.85 and legal interest thereon from January 1, 1915, out of the proceeds of the estate of the bankrupt before distributing those proceeds in dividends to the creditors.