**In re POLANSKY.**

No. 46776.

District Court, S. D. New York.

March 10, 1930.

See, also, In re Levine, Berman & Englander, 41 F.(2d) 548.

J. A. Adler, of New York City, for petitioning creditors.

Abraham Strauss, for trustee.

CAFFEY, District Judge.

Where, as here, a debtor transfers all his assets to a trustee for the benefit of all his creditors, the instrument is, within the meaning of the Debtor and Creditor Law (New York Laws of 1909, chapter 17 [Consol. Laws, c. 12]), a general assignment. Young v. Stone, 61 App. Div. 364, 70 N. Y. S. 558, aff'd 174 N. Y. 517, 66 N. E. 1118. The inclusion of a clause, such as that in the second paragraph of the so-called deed of trust produced at the hearing, ostensibly entitling the assignee to defeat the transfer in event he discovers he has been misled by the assignor, does not change the situation; nor does it remove the document from the definition of a general assignment embodied in the Debtor and Creditor Law itself or established by the decisions of the New York courts. It is the character of the transaction that governs. If it were otherwise, there would be created a loophole by which operation of the wholesome system created by the Legislature for regulating general assignments could be easily avoided or frustrated. Variance in unessential or directory details cannot be used, and will not be recognized, for that purpose. See Dutchess County Mut. Ins. Co. v. Van Wagonen, 132 N. Y. 398, 402, 30 N. E. 971.

By force of the statute three results follow from the making of a general assignment: (1) The assignee becomes a trustee for the creditors (Brown v. Guthrie, 110 N. Y. 435, 441, 18 N. E. 254; Bowdish v. Page, 81 Hun, 171, 175, 30 N. Y. S. 691, aff'd 153 N. Y. 104, 47 N. E. 44); (2) the administration of the trust is subjected to court supervision and control (Matter of Sheldon, 173 N. Y. 287, 290, 65 N. E. 1096); and (3) the measure of the rights, duties, and responsibilities of the assignee is the same as that applied to other trustees (Matter of Cornell, 110 N. Y. 351, 357, 358, 18 N. E. 142).

With respect to trustees it is thoroughly settled that compensation may, and should, be denied them if it be shown that they are guilty of neglect, unfaithfulness, mismanagement, or misconduct. This is illustrated by a great variety of circumstances (Cook v. Lowry, 95 N. Y. 103, 114; Stevens v. Melcher, 152 N. Y. 551, 46 N. E. 965; Matter of Rutledge, 162 N. Y. 31, 56 N. E. 511, 47 L. R. A. 721; Matter of Bushe, 227 N. Y. 85, 90, 124 N. E. 154, 7 A. L. R. 1590; Matter of Hidden, 243 N. Y. 499, 513, 154 N. E. 538; Matter of Matthewson, 8 App. Div. 8, 11, 12, 40 N. Y. S. 140; White v. Rankin, 18 App. Div. 293, 296, 46 N. Y. S.

548

228, aff'd 162 N. Y. 622, 57 N. E. 1128; Flagg v. Mann, 9 Fed. Cas. pages 231, 235, No. 4848 (per Story, J.) ; Barney v. Saunders, 16 How. 535, 542, 14 L. Ed. 1047; Walker v. Beal, 9 Wall. 743, 757, 19 L. Ed. 814).

In many ways, some of which are recited by the referee, the assignee disregarded the express requirements of the Debtor and Creditor Law. He treated the trust imposed upon him pretty nearly as if it were his private affair. He wholly disregarded the state court. That is his most serious offense and, in my opinion, standing alone, it constitutes a compelling reason for this court denying any relief to him or to his counsel.

Among the respects in which the state law was deliberately violated were the following: The deed was not recorded in the county clerk's office (sec. 3). No inventory of assets or schedule of creditors was filed in the county clerk's office (sec. 4). The trust property was sold without the assignee giving bond (sec. 6). Ten days' notice by mail of the proposed sale was not given to creditors (sec. 12). The sale was had without procuring an order of court or otherwise proceeding under the direction of the court (secs. 14–20).

If general assignments were allowed to be handled in the loose way pursued in this case, the hazard to creditors would be great. It is the duty of this court to put the seal of its disapproval on such conduct. The most appropriate and the most effective way in which to do this is to deny the application of the assignee for compensation and expenses out of the funds of the estate.

The methods of handling the trust in the case at bar were so bad, and so fraught with danger to creditors, that no inquiry should be entered upon with regard to the extent, if any, to which the beneficiaries have suffered. If such methods were sanctioned, it would soon be impossible, as perhaps it is already impossible in the present case, to ascertain whether injury ensued. The only appropriate device is to make condemnation complete by a clear announcement that no one guilty of such defiance of state law in administering a trust shall have this court's help in his effort to procure benefit from his actions. It may be that the court has power to award compensation, but in its exercise the court, applying an old maxim, will not aid a wrongdoer to profit by his own wrong.

As the counsel for the assignee was a participant in all that occurred, he also will be denied compensation.

Order of referee affirmed.