In re LEVINE, BERMAN & ENGLANDER, Inc.

No. 48554.

District Court, S. D. New York.

March 19, 1930.

C. E. Benoit, of New York City, for petitioning creditors.

CAFFEY, District Judge.

It is impracticable for this court effectively to exercise the jurisdiction imposed on it by the Bankruptcy Act (11 USCA) without fully employing the machinery provided for the purpose. The judges have no disposition to increase litigation or to frustrate efforts at private composure of business difficulties. Quite the contrary is true. Yet it is little less than intolerable that, after a petition in bankruptcy is filed, the court should remain idle with the expectation on the part of others that outside or extra-judicial administration shall continue upon the assumption that at a later date all that happened preceding, as well as following, commencement of the bankruptcy proceeding will be submitted to it for approval or disapproval. If it is to pass upon the matter at all, it should promptly assume exclusive and complete control.

I believe it is not open to doubt that there are many instances of genuine attempts to avoid expense and to benefit creditors by resort to deeds of trust or general assignments. Where everybody interested acquiesced, it is unlikely that the court would ever hear of what had happened. Yet it also cannot be gainsaid that in this community, especially since the inauguration of the present methods for safeguarding against theft or waste of assets, the purpose usually is to shift the handling of insolvent estates into the hands of individuals and to keep it there until, as a practical matter, it is too late by judicial interference to prevent occurrence of many of the evils from which heretofore creditors have suffered so grievously. In the congested condition of calendars, generally the court has no real opportunity seasonably

to make the kind of inquiry that is essential in order to assure itself as to the class in which a particular case belongs. The facts in the case at bar will serve to indicate the difficulties.

A so-called trust deed was executed January 18, 1930. The assets covered thereby, constituting the entire or substantially the entire estate of the alleged bankrupt, were sold by the so-called common-law trustee eleven days later. On February 27, 1930, a bankruptcy petition was filed and a subpoena issued. The subpoena bears the indorsement that the officers of the bankrupt cannot be located and the marshal returned it not found the same day. From then the proceeding has lain wholly dormant.

On February 27, 1930, a petition for the appointment of a receiver was signed by one of the petitioning creditors. By consent of counsel hearing on this was adjourned from time to time until March 12. At the argument that day the attorney for the common-law trustee urged that dire consequences for creditors and for the purchaser would follow if a receiver were appointed. He also asked leave to put in further papers by March 18. The petitioning creditors apparently acquiesced in the request of the common-law trustee that nothing be done until appointment of a bankruptcy trustee. Yet, as appears from what has been said, no effort has been made to progress toward an adjudication in bankruptcy. Now by letter of March 18 the attorney for the common-law trustee tells me that he intends to endeavor to procure dismissal of the bankruptcy petition on notice to all creditors. The possibility of the old abuses creeping in again is manifest.

Things have been done in a lethargic way, as illustrated by the recitals above. Yet, upon the assurances given me and not as a precedent, out of abundance of caution, I have decided to reserve until March 27, 1930, at 10 a. m., action with respect to a receiver. Unless by that time satisfactory proof is furnished of substantial movement, in compliance with section 59g of the Bankruptcy Act (11 USCA § 95(g) to get the bankruptcy petition dismissed, I will then dispose of the application for the appointment of a receiver.

At the argument on March 12, reference was made to my memorandum of March 10, 1930, In the Matter of Hyman Polansky, Bankrupt, No. 46,776, 41 F.(2d) 547, as if

what I there said were novel. Since the issuance of that memorandum my attention has been called to two opinions on the same general subject handed down by the senior district judge in 1921 and 1926.

In the Matter of Joseph Brinkman, trading as "Samuels," (Bankrupt, No. 27,918) under date of February 18, 1921, Judge Knox wrote as follows: "This Court is ready and willing to grant allowances for all work done pursuant to its authority in the administration of bankrupt estates. What was here done by the assignee and his attorney was not under the authority of this Court, but rather in derogation thereof. And, desirous as I am to award adequate compensation to persons entitled thereto, I cannot do so where action is taken that in a sense is in defiance of this Court. * * *

"It is my personal hope, therefore, that this case will be particularly impressive as to my attitude upon the practice of using the bankruptcy act as a shield behind which the administration of an estate may be carried on without invoking the power and authority of this Court. The bankruptcy act, in order to be uniform, must be exclusive in its jurisdiction, and I shall insist that it be so in fact."

Again, on January 22, 1926, In the Matter of Radio Stores Corporation, Bankrupt, No. 38,695, Judge Knox said:[1]

"The practice that was followed herein, with respect to the attempt to administer this estate under an assignment, under the State Law, and with a petition of bankruptcy filed in this court, is one that I think should not be countenanced. I have no desire to question the argument that, occasionally, an administration under the State Law can be as economical and as efficient as under the bankruptcy statute. The fact is that ordinarily such is not the case, and I do not propose to be put to it to ascertain the course of State administration by lending encouragement to the practice here followed. If this court is to be charged with the administration of insolvency estates, it must have all, and not a portion, of the responsibility in connection therewith."

The foregoing is sufficient for the guidance of counsel in matters of this kind. In future there should be no disregard of what the court long ago announced as its view of the duty prescribed by the Bankruptcy Act.

---

[1] Memorandum on back of motion papers.