MORRIS OSINOFF, Respondent, v. GERT REALTY CORPORATION, Appellant, Impleaded with PHILLIP STEIN and Others, Defendants.

First Department, July 1, 1931.

*Herman Kahn*, for the appellant.

*Joseph M. Proskauer* of counsel [*Walter T. Kohn* and *J. Alvin Van Bergh* with him on the brief; *Weschler & Kohn*, attorneys], for the respondent.

MARTIN, J. The plaintiff was the owner of a blanket third mortgage for the sum of $15,000 on defendant's properties known as No. 2334 Washington avenue and No. 823 East One Hundred and Forty-seventh street, borough of Bronx, city of New York, upon which there was due principal and interest.

During the period of ownership the plaintiff demanded and received an assignment of rents to cover the payment of interest made on a prior mortgage and also payment of principal and interest on the third mortgage. Under this assignment the plaintiff collected the rents for several years.

The plaintiff commenced an action to foreclose the mortgage, but failed to apply for the appointment of a receiver, and entered a default judgment of foreclosure and sale dated March 9, 1928, after a reference to compute before a referee, who found that $15,754.75 was due to the plaintiff.

Thereafter by an *ex parte* application the plaintiff applied to the court to vacate the judgment taken by default, on the ground

that he inadvertently neglected to prove the correct amount due him. The judgment was vacated and the matter was referred back to the referee who thereafter made a second report finding that instead of $15,754.75, the sum of $29,986.59 was the correct amount due, an increase of over $14,000 above the first judgment obtained by default.

Thereafter a second judgment of foreclosure and sale was entered dated March 27, 1928, resulting in the sale of the mortgaged premises, consisting of two apartment houses. The plaintiff was then paid the full amount of said judgment out of the proceeds of the sale. The failure to apply for the appointment of a receiver during the pendency of the foreclosure action was evidently due to the fact that plaintiff relied on his assignment of rents.

At the foreclosure sale on May 10, 1928, this defendant learned that plaintiff had failed to give credit at the reference to compute the amount due him upon the mortgage for any of the rents collected, and that the plaintiff had not in any manner accounted to the defendant for the rents. The defendant thereupon, in July, 1928, moved at Special Term to require the plaintiff to account for the said rents. That motion was granted at Special Term by order dated July 27, 1928, and a new referee was appointed to take the account. The *plaintiff appealed* to this court, contending that the court had no power to grant such relief and insisting that the place for relief was in the foreclosure action and that the matter was *res adjudicata* as a result of the determination of the referee that there was a deficit.

The order was reversed and the motion denied by an order of this court dated October 26, 1928. (224 App. Div. 838.) This court thereafter, upon the defendant's application, resettled the order of reversal by adding the following at the foot thereof: " without prejudice to such motion to be made at Special Term as defendant may be advised *in connection with its default* on the reference to compute."

In compliance with the last-mentioned order of this court, the defendant moved at Special Term to open its default and the relief sought was granted. The plaintiff then appealed from the order which he had contended on the first appeal was the proper order. The order appealed from was affirmed by this court on March 8, 1929. (226 App. Div. 655.) The order of January 21, 1929, under which this proceeding took place, provides as follows:

" *Ordered*, that the said motion of the defendant, Gert Realty Corporation, be and the same hereby is granted; and the default of the said defendant in appearing herein is hereby opened, and it is permitted to appear herein; and the reference to compute

herein before the said Inness Whitaker, Esquire, as Referee, is hereby opened, and the said Referee is hereby directed to re-ascertain and re-compute the amount due to the plaintiff upon his bond and mortgage mentioned in the complaint herein, and in that connection the plaintiff is hereby directed to state and account for all rents by him collected from the premises mentioned in the complaint herein since the date of the assignment of rents to him, executed by the said Gert Realty Corporation, dated September 20, 1927; and as to any credits to which the said Gert Realty Corporation may be entitled by reason thereof; * * *."

Both parties thereafter duly appeared before the referee for the purpose of ascertaining how much was actually due to plaintiff on his mortgage, he having collected the rents under his assignment, which assignment was given for the purpose of paying the interest and principal of the third mortgage and interest which had been paid on a prior mortgage.

Upon the motion to compel the plaintiff to account, in July, 1928, the plaintiff filed an affidavit in opposition in which he swore that he had collected $17,456.50 in rents, and that he had disbursed upwards of $25,000 and that there was, therefore, a deficit of over $7,000.

In the first account he stated that the rents collected amounted to $18,501.31, and that he expended $20,694.39 and that there was a deficit of $2,193.08. In the second account he claimed that the rents amounted to $18,381.50, and that the disbursements were $27,548.87, leaving a deficit of $9,167.37. In the third and final account, under oath, he stated that the rents collected amounted to $23,127.29 and that the disbursements amounted to $31,591.99 and that there was a deficit of $8,464.70.

The above recitals give some idea of the manner in which the plaintiff has attempted to avoid paying over the amount of rents collected by him.

The referee found that the plaintiff had collected rents amounting to $24,720.89, and that he was entitled to legitimate credits of $12,095.98 and was chargeable with the net balance of $12,624.91, and should also be charged with the costs and expenses of the reference and an extra allowance.

The court refused to approve the report of the referee on the theory that the referee exceeded his statutory duties in compelling the plaintiff to account. It is unnecessary to comment extensively on the opinion of the court at the Special Term for the reason that *this court* had directed the accounting and the authority for doing so is well settled.

The defendant was entitled to be charged only with the amount

actually due on the mortgage and not the amount which the plaintiff asserted was due when he took the judgment by default. The law has been settled to the effect that in such a proceeding a mortgagee in possession under an assignment giving him the power to collect the rents and apply them to the mortgage and interest, must give the defendant credit for the amount so collected and apply the same against the mortgage debt.

In *Hubbell* v. *Moulson* (53 N. Y. 225) the court said: "The mortgagee in possession takes the rents and profits in the *quasi* character of trustee or bailiff of the mortgagor. * * * They are applied in equity as an equitable set-off to the amount due on the mortgage debt. * * * So he may be charged with rents and profits he might have received, if his failure to recover them is attributable to his fraud or willful default."

In *Ithell* v. *Malone* (154 N. Y. Supp. 275) the court, speaking of a mortgagee in possession, said: " She claims to have received from rents of many furnished apartments sums aggregating $16,126.40, according to the referee's report. As to her receipts, she kept no regular book of account, but made up her account from memoranda not in existence at the time of the hearing. To quote from the testimony which her husband, who acted as her agent, gave: ' From papers, yes, sir; slips of paper and hearsay; that is what we thought about that time.'

" Much as I dislike to refuse confirmation to the report of one of the official referees of this court, I think that no account resting upon such shadowy and unsubstantial basis as this should have been approved."

In *Dexter* v. *Arnold* (7 Fed. Cas. 597) the court said: " The second exception is, that the decree was, that the master should take an account of the rents and profits received, by the mortgagee, whereas the master has allowed rents and profits not received by him. The master was right. In the first place the mortgagee kept no proper accounts of the rents and profits received by him; and, therefore, upon general principles, he was properly chargeable with what he might have received, and must be presumed to have received."

The referee made a very concise report, commendable for its comprehensiveness and brevity, stating his reasons for charging the plaintiff the amounts set forth. He says: " Plaintiff Osinoff held a blanket third mortgage of $15,000 on two apartment houses described as 2334 Washington Avenue (Parcel A) and 823 East 147th Street (Parcel B), in the Borough of Bronx, owned by defendant Gert Realty Corporation.

" Thereafter for the purpose of securing to plaintiff the repayment

of an advance made by him of $1,585 instalment and interest on a prior mortgage and the payment of the full amount of principal and interest of his third mortgage, defendant assigned the rents of the premises to plaintiff.

"Pursuant to such assignment plaintiff appointed one Goldstein as agent to collect said rents, and said Goldstein collected the rents and paid over $2,346.31 to plaintiff, and said Goldstein has fully accounted for all rents collected by him. Out of said sum plaintiff paid $2,227.50 and properly charges himself with $118.81.

"On or about October 19, 1927, plaintiff appointed one Beigelman to take the place of said Goldstein as agent of plaintiff. * * *

"During the pendency of the action said Beigelman collected the rents and applied a portion thereof to the repairs and upkeep of the property.

"It is claimed by the plaintiff that defendant Gert Realty Corporation appointed Beigelman as its agent, and that he was the agent of the defendant and not of the plaintiff, and it is further claimed by the plaintiff that the defendant pursuant to an agreement consented that Beigelman take over the property as owner, to collect and receive all rents and apply them to the payment in full of the plaintiff's bond and mortgage, interest and expenses, and that he should not be compelled to account to the defendant for any surplus rents received by him.

"*I find as a matter of fact that Beigelman was the agent of the plaintiff and not of the defendant, and that the defendant did not enter into the alleged agreement.*

"I further find that the total sum of the rents collected by Beigelman amounted to $20,723.90 and the disbursements made by him were $8,217.80, leaving a balance in his hands of $12,506.10 for which plaintiff should account to defendant in addition to the $118.81 charged to plaintiff as stated above. * * *

"The evidence discloses the presentation of receipted bills for disbursements which were not made. The persons to whom such disbursements were alleged to have been made and for which receipted bills were presented, testified that the said bills were not made out or receipted by them and that no such payments were made.

"In a statement of 'additional disbursements' amounting to $1,728 the payee testified that he was paid and had rendered a bill for only $175 of this amount.

"Several tenants testified that they had paid rent, and showed receipts therefor, for apartments stated to be vacant in plaintiff's account."

We agree with the report of the referee. It is supported by the evidence, much of which is documentary, demonstrating beyond question that the findings were correct.

In addition to the amount charged to the plaintiff by the referee, the defendant sought to add other amounts. The referee properly refused to do so and correctly stated the amount due and also charged the plaintiff with the expenses of the reference and an additional allowance. Under the circumstances these were all proper charges.

The orders appealed from, in so far as they deny confirmation of the report of the referee, and confirm the foreclosure judgment theretofore entered herein, should be reversed, without costs, and the referee's report in all respects confirmed.

FINCH, P. J., McAVOY and SHERMAN, JJ., concur; MERRELL, J., dissents and votes for affirmance upon the ground that the referee to compute not only exceeded his statutory powers, but without authority of any order of the court assumed to decide disputed questions of fact; and his findings upon the facts were contrary to and against the weight of the evidence.

Orders reversed, without costs, and referee's report in all respects confirmed.