### In re COHEN.

### BRANDT v. OTTENSOSER.
#### No. 298.

Circuit Court of Appeals, Second Circuit.
April 3, 1933.

Fisher, Brandt & Berger, of New York City (Samuel W. Fisher and Albert Brandt, both of New York City, of counsel), for appellant.

Louis I. Rothenberg, of Brooklyn, N. Y., for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The referee in bankruptcy denied the appellants compensation for their services on the ground that the assignee had not strictly complied with the provisions of the New York Debtor and Creditor Law (Consol. Laws, c. 12) up to the time when the court of bankruptcy took over administration of the estate, and his report was confirmed by the District Court without opinion.

Section 4 of the Debtor and Creditor Law requires an inventory of the estate of the assignor to be filed with the county clerk of the county where the assignment is recorded, and provides that, in the event of the failure of the assignor to file such inventory within twenty days, the assignee shall file one "in so far as he can" within ten days thereafter. For neglect to do so he may be removed. In the case at bar, the assignment was made on September 24, 1930, the petition in bankruptcy was filed October 1st, and adjudication was entered on October 16th. Therefore, before the expiration of the time allowed by the state statute for filing the inventory, the assignment had been avoided and the state court divested of jurisdiction. Randolph v. Scruggs, 190 U. S. 533, 23 S. Ct. 710, 47 L. Ed. 1165; Bramble v. Brett, 230 F. 385 (C. C. A. 8); In re Louis Neuburger, Inc. (D. C.) 233 F. 701, affirmed 240 F. 947 (C. C. A. 2); In re Hacker, 38 F.(2d)

100 (D. C. S. D. N. Y.). Hence we fail to see even a technical noncompliance with the state statute. But, if there had been, it is not apparent why it should forfeit the assignee's claim, if he would otherwise be entitled to compensation. After the bankruptcy court has assumed jurisdiction, the assignee must account to it, and his compensation does not depend upon the state law or arise out of the assignment, but rests upon the equitable principle that services which have been beneficial to the fund brought into the bankruptcy court should be compensated out of the fund so benefited. Randolph v. Scruggs, 190 U. S. 533, 539, 23 S. Ct. 710, 47 L. Ed. 1165; In re White, 58 F.(2d) 203 (C. C. A. 2). This being the theory, it is wholly immaterial whether the assignee complied with the state statute in respect to filing an inventory. Bramble v. Brett, 230 F. 385 (C. C. A. 8). This is not to say, however, that an assignee may not properly be denied compensation if guilty of such unfaithfulness, mismanagement, or neglect as generally deprive trustees of compensation. See In re Polansky, 41 F.(2d) 547 (D. C. S. D. N. Y.).

The referee made no findings from which we can determine to what extent the appellants' services were beneficial to the estate. We can merely set out the principles upon which the District Court should act. It appears that, after petition filed and before adjudication, the assignee made a sale of the property pursuant to an order of the state court entered on September 26, 1930. The proceeds of such sale, less expenses, he voluntarily turned over to the trustee in bankruptcy, together with a small amount of cash received from the bank in which the assignor had an account. The referee has approved the assignee's accounting, and expresses the belief that the proceeds of the sale are equal to what would have been realized by administering the assets in bankruptcy. No receiver in bankruptcy was appointed and no one apparently has questioned the validity of the sale. Cf. Bryan v. Bernheimer, 181 U. S. 188, 21 S. Ct. 557, 45 L. Ed. 814.

Most, if not all, of the assignee's services which could be considered beneficial to the fund brought into the bankruptcy court, were rendered after the petition in bankruptcy was filed. The filing of the petition was "a caveat to all the world, and in effect an attachment and injunction." Mueller v. Nugent, 184 U. S. 1, 14, 22 S. Ct. 269, 275, 46 L. Ed. 405; Lazarus v. Prentice, 234 U. S. 263, 268, 34 S. Ct. 851, 58 L. Ed. 1305; May v. Henderson, 268 U. S. 111, 117, 45 S.

Ct. 456, 69 L. Ed. 870. It may therefore be persuasively argued that, in selling the property after petition filed and without obtaining leave from the bankruptcy court, the assignee presumed to act in derogation of administration of the assets by that court and should be allowed no compensation for so doing even though the trustee subsequently adopted his act. Cf. In re Levine, Berman & Englander, 41 F.(2d) 548 (D. C. S. D. N. Y.), and unreported decisions referred to therein. Against this argument may be urged the equitable principle of compensating one who has benefited the fund, as declared in Randolph v. Scruggs, supra. In that case, and in nearly all others where the assignee has been allowed compensation, his services were rendered prior to the filing of the petition in bankruptcy. Only two decisions have been found which discuss the allowance of compensation for services performed between the filing of the petition and the adjudication of bankruptcy.

In re Stewart, 179 F. 222 (C. C. A. 6) involved a situation very similar to the one at bar. At page 227 of 179 F., Judge Knappen said: " * * * The referee took the view that under the decision in Randolph v. Scruggs, 190 U. S. 533, 23 S. Ct. 710, 47 L. Ed. 1165, the assignee was entitled to compensation for such services and disbursements as he had made which benefited the estate. In view of the relations of the assignee to the estate subsequent to the filing of the petition in bankruptcy, he included in the same rule the services and disbursements up to the time of the appointment of the trustee in bankruptcy. In our opinion the referee took the right view. It is true that after the filing of the petition in bankruptcy the assignee took the risk of having his proceedings under the assignment set aside, but as no application for receivership was made, the assignee may not improperly be treated (with respect to the settlement of his accounts) as a quasi receiver during the pendency of the proceeding for adjudication in bankruptcy."

Summers v. Abbott, 122 F. 36 (C. C. A. 8), is in accord. While the question is not free from doubt, we are disposed to concur in the views expressed by Judge Knappen; therefore we hold that beneficial services performed after petition filed may be compensated upon the principles announced in Randolph v. Scruggs. Whether any compensation, and, if so, how much, shall be allowed the assignee in the case at bar, we leave to the court below to determine in accordance with those principles.

The claim of the assignee's attorneys must be worked out through the assignee, and can be put no higher than his claim for allowances if he had paid his attorneys for their services. Randolph v. Scruggs, 190 U. S. 533, 538, 23 S. Ct. 710, 47 L. Ed. 1165. It can be determined upon the principles already discussed, except with respect to one item. This relates to their appearance in the bankruptcy court after adjudication in opposition to a reclamation claim for goods sold to the bankrupt by the reclamation claimant. Such services were obviously not performed under employment by the assignee. The attorneys must base their claim upon some provision of the Bankruptcy Act (11 USCA). Whether they can do so has not been argued. We allude to it merely by way of caution to the court below. See In re Medina Quarry Co., 191 F. 815 (C. C. A. 2); In re Eureka Upholstering Co., 48 F.(2d) 95 (C. C. A. 2).

The order is reversed, and the cause remanded for further proceedings in conformity with this opinion.