Marcus & Angel, P. C. by Bruce Frankel, New York City, for Robert W. Slott, Trustee in Bankruptcy.

### In the Matter of SUF–CITY TRUCKING, INC., Bankrupt.

### Bankruptcy No. 77–B–1934.

United States Bankruptcy Court, E. D. New York.

Oct. 29, 1979.

### MEMORANDUM AND ORDER

ROBERT JOHN HALL, Bankruptcy Judge.

The Trustee in bankruptcy has applied to this Court for an Order modifying a previous Order of the Court dated August 20, 1979 ("August Order") which authorized the Trustee to make payment to MARTIN FEIN AND CO., INC., (hereinafter "FEIN") in the sum of $1,500, representing the balance due for commissions earned for the public auction sale of the bankrupt's operating authorities. The Trustee now seeks an Order authorizing him to pay FEIN the increased sum of $3,600. This Court modifies its August Order to the extent that it authorizes the Trustee to pay to FEIN the sum of $2,300, the balance due for commissions earned for the public auction sale of the bankrupt's operating authorities.

On June 2, 1977 SUF–CITY TRUCKING, INC. ("SUF–CITY") executed a deed of assignment, which was duly filed and recorded in the appropriate clerk's office on June 3, 1977. Thereafter, by an order of the State Court dated July 18, 1977 the assignee was authorized to sell the physical assets of SUF–CITY by public auction, and to sell SUF–CITY's interest in and to certain operating authorities.

On July 28, 1977, a public auction sale was held, at which time the physical assets of SUF–CITY were sold, and at which time the assignee accepted the offer of BEYOND EXPRESS, INC. to purchase SUF–CITY's interest in and to certificates of public convenience and necessity granted by the Interstate Commerce Commission and by the New York State Department of Transportation for the purchase price of $40,000 (hereinafter "Agreement"). On that same day, an involuntary bankruptcy petition was filed against SUF–CITY; it was adjudicated a Bankrupt on August 15, 1979.

Thereafter, on August 18, 1977, the assignee applied to the Bankruptcy Court for an Order authorizing the assignee to enter into the Agreement. On September 19, 1977 a hearing on the Assignee's application was held before Bankruptcy Judge William J. Rudin. On September 20, 1977 Judge Rudin entered an order authorizing the Assignee to enter into the Agreement.

By an application dated August 13, 1979, the Trustee moved this Court for an Order authorizing and directing the Trustee to pay FEIN the sum of $3,600, representing the balance due for commissions earned for the public auction sale of the bankrupt's operating authorities. The application did not explain how the Trustee arrived at the $3,600 figure.

On August 20, 1979 this Court entered an Order authorizing the Trustee to pay FEIN the sum of $1,500 for its services.

By an application dated September 10, 1979 the Trustee moved this Court for an Order amending the August Order. The proposed Order would authorize the payment of $3,600 to FEIN.

The Trustee states his position in Paragraph 5 of the Application:

". . . Applicant respectfully submits to this Court that the situation encountered herein is not one in which this Court is being asked to make a determination as to the fair and reasonable value of the services rendered by the auctioneer. Instead, Applicant respectfully submits to this Court that the amount of commissions to be paid to the auctioneer is based on a prior agreement between the Assignee for the benefit of creditors and the auctioneer pursuant to the rules and regulations governing general assignments for the benefit of the creditors in New York State."

The Trustee misstates the applicable law. Bankruptcy Act Section 2(a)(21), 11 U.S.C. Section 11(a)(21) provides in pertinent part: "The courts of the United States hereinbefore defined as courts of bankruptcy are hereby created courts of bankruptcy and are hereby invested, within their respective territorial limits as now established or as they may be hereafter changed, with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in proceedings under this title, in vacation, in chambers, and during their respective terms, as they are now and may be hereafter held, to * * *

. . . (21) Require . . . assignees for the benefit of creditors . . . to deliver the property in their possession or under their control to the receiver or trustee appointed under this title . . . and in all such cases to account to the court for the disposition by them of the property of such bankrupt or debtor: *Provided, however,* That such delivery and accounting shall not be required . . . if . . . the assignment was made, . . . more than four months prior to the date of bankruptcy. Upon such accounting, *the Court shall reexamine and determine the propriety and reasonableness of all disbursements made out of such property by such . . . assignee . . . either to himself or to others,*

*for services and expenses under such . . . assignment . . . and shall, . . . surcharge such . . . assignee, or agent the amount of any disbursement determined by the court to have been improper or excessive;* (emphasis added).

Further, Bankruptcy Rule 604 provides: ACCOUNTING BY PRIOR CUSTODIAN OF PROPERTY OF THE ESTATE

(a) Accounting Required. Any receiver or trustee appointed in proceedings not under the Act, assignee for the benefit of creditors, or agent, required by the Act to deliver property in his possession or control to the trustee or receiver in bankruptcy, shall promptly file a written report and account with the bankruptcy court with respect to the property of the estate and his administration thereof.

(b) Examination of Administration. On the filing of the report and account required by subdivision (a) of this rule and after an examination has been made into the superseded administration, *the court shall determine the propriety of such administration, including the reasonableness of all disbursements.* (emphasis added)

█ It is clear that the determination of the assignee's allowable expenses within four months of bankruptcy is a matter for the bankruptcy court, and state practice is not controlling. *In re Paramount Merrick, Inc.,* 252 F.2d 482, 484 (2d Cir. 1958).

The situation in *Paramount,* is very similar to the one before this court. In *Paramount,* the bankrupt had made an assignment for the benefit of creditors. Under the assignment the Auctioneer was to conduct several auction sales. The Auctioneer had held some of the auction sales before an involuntary petition in bankruptcy was filed against the bankrupt. Thereafter, the remainder of the sales were conducted by the Auctioneer under the auspices of the Assignee by express consent of the receiver pursuant to an Order of the bankruptcy court.

The referee therein, recommended that commissions on all receipts, *both before and after the filing of the involuntary petition,* be calculated pursuant to Bankruptcy Rule 13 (now Bankruptcy Rule 15) of the Eastern District of New York. The District Court adopted the referee's recommendation; an appeal followed.

The Second Circuit stated that:

"The auctioneer's commission covers sales during the assignment and after the filing of the bankruptcy petition, Bankruptcy Rule 13 of the Eastern District clearly being applicable to sales during the latter period. (citation omitted) Compensation for the services during the earlier period, however, rests on other principles and is not subject to the Rule. Rather, it flows from the equitable principle that services beneficial to the fund brought into the bankruptcy court should be compensated out of the fund so benefited. *Randolph v. Scruggs,* 1903, 190 U.S. 533, 23 S.Ct. 710, 47 L.Ed. 1165; *In re Cohen,* 2 Cir., 1933, 64 F.2d 103.

The auctioneer argues that the 10% commission is normally allowed in the New York state courts on auction sales during assignment and that since this charge was fair and reasonable it ought to stand, (citation omitted). *But it is clear that the determination of the assignee's allowable expenses within four months of bankruptcy is a matter for the bankruptcy court and state practice is not controlling. In re Cohen,* supra; 11 U.S.C.A. § 11 sub. a(21)." *In re Paramount Merrick, Inc.,* supra, at 484. (emphasis added)

In the present case the assignment and auction sale occurred within four months of the filing of the involuntary bankruptcy petition and adjudication of SUF–CITY.

█ In view of the Second Circuit's holding in *Paramount,* this Court will utilize Bankruptcy Rule 15 of the Eastern District of New York ("Local Rule 15") to calculate the auctioneer's commissions.

Local Rule 15 provides, inter alia, that: "[An auctioneer] shall also be allowed the following commissions upon the proceeds of sales made by him: 10% on the first 10,000; 5% on all over 10,000."

138

By reason of the foregoing it is,

ORDERED, that the prior order of this Court dated August 20, 1979 authorizing and directing the Trustee to pay to MARTIN FEIN and COMPANY, INC., the sum of $1,500 be, and the same hereby is, modified to the extent set forth herein; and it is further

ORDERED, that ROBERT W. SLOTT, Trustee in bankruptcy, be, and he hereby is advised and directed to pay to MARTIN FEIN and COMPANY, INC., the sum of $2,300 representing the balance due for commissions earned for the public auction sale of the Bankrupt's operating authorities.